## MURRAY *v.* DERRICK.

Where a rule for money filed by a constable against a justice of the peace was pending in the superior court, and before the same was reached for trial the defendant was excused by the judge from attendance upon the court, to enable him to hold his own court, and during his temporary absence for that purpose, the judge, overlooking the fact that he had given the defendant a leave of absence, entered up judgment and made the rule absolute, there was no abuse of discretion afterwards, at the next term of

the court, upon proper application, in vacating the rule absolute, and in allowing the defendant to answer.

Submitted April 16, — Decided May 7, 1897.

Rule.    Before Judge Kimsey.    Rabun superior court. February term, 1896.

*W. S. Paris*, for plaintiff in error.

*W. F. Findley*, contra.

Atkinson, J.    Although the record certified to us under the present writ of error is in a state of almost inextricable confusion, we are yet, after diligent and patient effort, enabled to glean from it the following as a substantial statement of the facts upon which the trial judge decided the question now under review.    On August 31, 1894, during term, a rule nisi was granted, calling upon J. E. Derrick, a justice of the peace, to show cause why he should not pay over to J. T. Murray, a constable, the sum of $25.80, alleged to have been collected as costs in certain named cases, to which Murray claimed that he was entitled.    The rule was returnable to the next term of the superior court, or as soon as counsel could be heard.    On the same day that it was granted, the rule was filed and service thereof acknowledged and copy waived.    On March 1, 1895, at the regular February term of the superior court, being Friday of court week, the case was called in its order for trial, and no demurrer or answer having been filed, and defendant having failed to answer the call of the sheriff, a judgment absolute was taken against him in favor of Murray.    On August 30, 1895, the judge of the superior court passed an order that Murray show cause at the next term why the judgment absolute should not be set aside and the money, with interest, repaid to Derrick ;  this order reciting that it appeared to the court, that upon the judgment absolute execution issued, the amount of which was paid under protest, and that Derrick was absent by leave of the court when said judgment was taken.    The order was served upon Murray on October 9, 1895, being returnable to the February term, 1896.    At the last named term, Friday, February 28, 1896, the case was called in its order, and counsel for Derrick asked for an order setting aside the rule absolute, and allowing Derrick then and there to answer the original

rule nisi, at the same time reading over the answer he desired to make. Counsel for Murray objected to the allowance of such an order, stating that he had a motion to dismiss, or demurrer, upon the ground that it was nowhere alleged that Derrick had a good defense to the original rule nisi, nor what was his defense, if any, nor did he show any excuse for his failure to answer the original rule nisi before the judgment absolute was taken. The court overruled the demurrer, ordered that the rule absolute be set aside and vacated and that Derrick be allowed then and there to answer the original rule nisi. Murray excepted. In a note to the bill of exceptions the trial judge says, that when the rule absolute was taken, Derrick was absent by leave of the superior court, holding his own court, and when the case against him was called, the judge did not remember to have given the leave ; but had done so, and remembered it as soon as his attention was called to the fact, and for this reason the default was opened, and he was allowed to plead to Murray's case or rule against him, which is now pending in court.

On the day next after that on which the foregoing judgment was rendered, the court passed a further order, that Murray instantly repay to Derrick the sum of $31.25, and on failure to pay the same on demand, that Murray be considered in contempt and be imprisoned in the common jail, without bail or mainprize, until he complied with this order. This is also assigned as error. The court, in the bill of exceptions, certifies that he revoked this order at chambers until the further order of the court.

The setting aside of the rule absolute was, under the circumstances, a matter within the discretion of the trial judge. At the suit of the plaintiff he was proceeding by rule, which is a species of summary process, to " police " the presiding justice of an inferior judicatory for the non-performance of a ministerial duty, but during the pendency of the action, in order to enable the defendant to proceed with the judicial business of his own court, he gave him leave of absence, thus granting to him temporary absolution from the duty to be present and answer in the superior court. During this temporary absence the case was called, and there being no answer from the defendant,

a rule absolute was entered up against him. The attention of the circuit judge having been called to the absence of the defendant, upon leave, at the time of the rendition of the judgment against him, he, upon motion, set aside this judgment. We think this was a wise exercise of the discretion with which he was invested. To have done otherwise would have been to have perpetrated a gross judicial fraud upon the defendant; and we therefore approve the ruling of the trial judge. The defendant having, under protest, paid over the money to the plaintiff, in accordance with the rule absolute, which was afterwards set aside, the court committed an error in entering an ex parte judgment directing that the plaintiff repay the money paid to him by the defendant, and in default of such repayment, that he be imprisoned as for a contempt; but this judgment was subsequently set aside upon his own motion by the trial judge. He corrected his own error, and therefore the rendition of that judgment in the first instance affords no ground for a reversal.

*Judgment affirmed. All the Justices concurring.*