## 39295. PLANTERS RURAL TELEPHONE CO-OPERATIVE, INC. v. CHANCE.

DECIDED FEBRUARY 6, 1962.

*W. C. Hawkins*, for plaintiff in error.
*Harold W. Hollingsworth*, contra.

NICHOLS, Presiding Judge. 1. The defendant contends that the petition fails to show that any resolution of the Board of Directors of the defendant corporation was passed authorizing any payment to the plaintiff. The petition alleges that a resolution was passed to pay the plaintiff the amount sued for, and the President and/or Treasurer were authorized to countersign the check. The allegation in the amendment, wherein the plaintiff quoted a letter from the then manager of the defendant corporation in which a purported excerpt from the minutes of a meeting of the Board of Directors of the defendant corporation was quoted, is an allegation that the defendant corporation, through such manager admitted that the minutes made reference to the subject matter of the action, and was not an allegation of the actual wording of the resolution.

However, assuming that the minutes were as quoted in such letter, they state that the "President and/or Treasurer were authorized to countersign the checks," and certainly authority given to countersign checks is authority that the check should be issued for the purpose of satisfying the obligation referred to.

2. The defendant contends that, even if the directors by the resolution authorized the payment, it was a "bonus", or mere gratuity and unauthorized.

The petition alleges that the plaintiff was employed by the defendant corporation in 1950 and served as general manager until September 1, 1956. The resolution was allegedly passed on August 17, 1956 and was to cover a period from April 1, 1951 until September 1, 1956. Accordingly, even assuming that the resolution covered past due services to some extent, it also covered compensation for services to be rendered in the future and would not be subject to general demurrer for such reason. However, all agreements to pay for services already rendered are not void. See 19 CJS 192, 198, Corporations, § 804; 14A CJ 139, 142, Corporations, § 1907; Nadler's Georgia Corporation Law, 346, 347, § 364. In the case of *Ga. Fla. &c. Ry. Co. v. Purviance*, 42 Ga. App. 519 (156 SE 731), it was held that an action against a corporation for services rendered would lie on a quantum meruit basis. Where valuable services have been rendered by one for another and the latter accepts such services an implied obligation to pay for such services arises. See *Code* § 3-107. Certainly, if an action to recover for such services rendered would lie, the Board of Directors could authorize payment for such services.

The present action, however, is not based on quantum meruit but on the agreement entered into by the defendant corporation to pay the plaintiff and recorded in its written minutes, and if the defendant seeks to set up a failure of consideration, it should be done in a proper plea. See *Code* §§ 20-310, 20-902. The petition was not subject to general demurrer because of a failure of consideration.

3. The other grounds of demurrer, not argued by the defendant, are treated as having been abandoned and will not be considered.

*Judgment affirmed. Frankum and Jordan, JJ., concur.*