39342.   HOLLAND v. SANFAX CORPORATION.
39343.   HOLLAND v. CENTER.
39344.   HOLLAND v. SANDLER.

DECIDED MAY 9, 1962.

4

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Reuben A. Garland,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, Robert R. Richardson, Edward W. Killorin,* contra.

HALL, Judge. ■ The Summary Judgment Act of 1959 is substantially identical with Rule 56 of the Federal Rules of Practice and Procedure, 28 U.S.C.A. Rule 56. Therefore, it is appropriate that we resort to "Federal cases" as to its construction. *Moore v. Atlanta Transit System,* 105 Ga. App. 70, 72 (123 SE2d 693). See *Echols v. Thompson,* 211 Ga. 299 (85 SE2d 423), Judgment Notwithstanding the Verdict Law of 1953 and 28 U.S.C.A. Rule 50; *Hobbs v. New England Ins. Co.,* 212 Ga. 513 (93 SE2d 653), Request For Admissions Law of 1953 and 28 U.S.C.A. Rule 36; and *Reynolds v. Reynolds,* 217 Ga. 234 (123 SE2d 115); Depositions and Discovery Law of 1959 and 28 U.S.C.A., Rules 26 through 35, and 37.

The purpose of the Summary Judgment Act of 1959 is to eliminate the necessity for a jury trial where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Code Ann.* § 110-1203; *Dillard v. Brannan,* 217 Ga. 179 (121 SE2d 768); *Wells v. Wells,* 216 Ga. 384 (116 SE2d 586); *Moore v. Atlanta Transit System,* 105 Ga. App. 70, supra; *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193); *General Gas Corp. v. Carn,* 103 Ga. App. 542 (120 SE2d 156); *Suggs v. Brotherhood of Locomotive Firemen & Enginemen,* 104 Ga. App. 219 (121 SE2d 661); *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766 (115 SE2d 374). It is designed to enable the trial judge, by piercing the formal verbiage of the pleadings, to filter out the sham issues which might otherwise cause needless and time-consuming litigation. *Scales v. Peevy,* supra; *General Gas Corp. v. Carn,* supra; Edward B. Marks Music Corp. v. Continental Record Co., Inc. (CA 2 1955) 222 F2d 488. The burden is upon the moving party to establish the lack of a genuine issue of fact and the right to a judgment as a matter of law, and any doubt as to the existence of such an issue is resolved against the movant. 3 Barron & Holtzoff,

Federal Practice & Procedure, 138, § 1235; 6 Moore's Federal Practice, 2123, § 56.15 (3). The party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence. McHenry v. Ford Motor Company (CA 6 1959) 269 F2d 18; Revlon, Inc. v. Regal Pharmacy, Inc., 29 F.R.D. 169 (ED Mich. 1961); 3 Barron & Holtzoff, Federal Practice & Procedure, 139-140, § 1235. The act cannot deprive a .party of the opportunity to have a trial of a geniune issue as to any material fact, and it is indeed a great responsibility to say that "in truth there is nothing to be tried." However, a shadowy semblance of an issue is not enough to defeat the motion. The trial judge must separate what is formal or pretended in denial or averment from what is genuine or substantial, so that only the latter may subject a party to the burden of a trial.

The act offers a variety of methods for the presentation of materials to the court, both in support of and in opposition to the motion. *Code Ann.* § 110-1201 et seq. Where the affidavit is used, as in this case, it must be made upon personal knowledge, setting forth facts which would be admissible in evidence, and show affirmatively that the affiant is competent to testify as to the matters stated. *Code Ann.* § 110-1205. The safe way to proceed in this regard is to let the affidavit follow substantially the same form as though the affiant were giving testimony in court. A statement in the jurat to the effect that the affidavit is made upon personal knowledge is generally sufficient. Lawson v. American Motorists Ins. Corp. (CA 5 1954) 217 F2d 724; Puente v. President and Fellows of Harvard College (CA 1 1957) 149 FSupp. 33, affirmed (D Mass. 1957) 248 F2d 799. However, where the contents of the deposition show that the material parts of it are statements of personal knowledge, the requirement as to personal knowledge is met although the jurat does not so state. Lawson v. American Motorists Ins. Corp., supra.

■ In order to determine whether or not a genuine issue exists as to any material fact, we must first ascertain upon what

6

theory of law the plaintiff is seeking recovery. The petition, as amended after the defendants' motions and affidavit in support of summary judgment, is duplicitous in that in one count it includes a cause of action for negligence and a cause of action for an intentional tort. *White v. American Security Co.,* 48 Ga. App. 370, 372 (172 SE 853); *Buffington v. Atlanta, B. &c. R. Co.,* 47 Ga. App. 85, 88 (169 SE 756); *Flint Explosive Co. v. Edwards,* 84 Ga. App. 376, 385 (66 SE2d 368). However, since no special demurrer on the ground of duplicity is before us, this defect in the petition does not affect the merits of this appeal.

The original petition charged all of the defendants with negligence. The answers of all the defendants substantially deny all the essential allegations of the petition. The allegations of the amendment that Nat Sandler, individually and as president, and Dave Center individually and as chairman of the board, of Oxford Chemical Corporation, controlled and ordered the manufacture, sale and distribution of "New Cento 46, Super Action, with Komax" for the express purpose of being poured into drain pipes and drain sewers, charges these individuals with wrongful acts done in the prosecution of the business of Oxford Chemical Corporation, which would make them personally liable. *Southern R. Co. v. Sewell,* 18 Ga. App. 544 (90 SE 94); *Atlantic C. L. R. Co. v. Knight,* 48 Ga. App. 53 (171 SE 919); *Southern R. Co. v. Smith,* 55 Ga. App. 689 (191 SE 181); *Risby v. Sharp-Boylston Co.,* 62 Ga. App. 101 (7 SE2d 917); *Stapleton v. Stapleton,* 85 Ga. App. 728, 730 (70 SE2d 156). Accord *Borochoff v. Fowler,* 98 Ga. App. 411, 414 (105 SE2d 764); *Echols v. Chattooga Mercantile Co.,* 74 Ga. App. 18 (38 SE2d 675). The amendment's allegations charging that the defendants conspired together do not aid the plaintiff's right to recover from the movants on account of negligence, in which the element of intent is absent. An allegation of a conspiracy to commit negligence is a non sequitur. "There can be no conspiracy without a purpose, express or implied, to do something unlawful, oppressive, or immoral . . . the element of wrongful intent must be as fully proven as the element of confederating." 1 Eddy on Combinations, 240.

The affidavit of Nat Sandler and Dave Center states that

neither of them has ever personally or as a member of a partnership or as an individual proprietor, manufactured or sold any cleaning product or the product in question. The plaintiff presented nothing in opposition to this affidavit nor did he seek to call upon the exercise of the trial court's discretion under *Code Ann.* § 110-1206. See *Studstill v. Aetna Cas. &c. Co.*, 101 Ga. App. 766, supra; 6 Moore's Federal Practice, 2343-2350, § 5624. However, the affidavit of Sandler and Center in no way refutes the allegation of the petition, as amended, that Sandler and Center individually and as corporate officers *controlled and ordered* the manufacture, sale, and distribution of the product, and there remains a genuine issue as to these material facts concerning the cause of action for negligence against Sandler and Center.

The affidavit of Nat Sandler and Dave Center further states that the defendant Sanfax Corporation, a corporation in which they are president and chairman of the board of directors, respectively, has never sold the product in question nor has it ever sold the product through any of its salesmen, agents, representatives or employees. This evidence, being unrefuted, shows that as to the Sanfax Corporation there is no genuine issue as to any material fact and therefore it would have been entitled to a summary judgment as a matter of law with respect to the cause of action for negligence.

■ The allegations of the amendment also inject into the petition a second tort of a different kind. The petition as amended alleges that Nat Sandler and Dave Center controlled and ordered the manufacture, sale, and distribution of, and Center Chemical Company and Oxford Chemical Corporation manufactured, sold and distributed, a product inherently dangerous when used for cleaning drains and recommended it to plaintiff for this use. Labels and instructions on the product did not warn of its dangerous quality. These defendants had *actual knowledge* of the inherent dangers in the product when used as they recommended. The other defendants, including Sanfax Corporation, also had *actual knowledge* of the dangers. All the defendants conspired together and with each other to manufacture, sell, and distribute the product for a special use,

8

with *actual knowledge* that in that use it was inherently dangerous.

The allegations show that the individual defendants in controlling and ordering the sale, and the defendants Center Chemical Company and Oxford Chemical Corporation in selling and recommending the product, for use for cleaning drains, with actual knowledge that it was dangerous for this purpose, *knowingly* made a false representation as to the quality of the product. This is an intentional tort for which the plaintiff can hold them liable. *Woodward v. Miller*, 119 Ga. 618 (46 SE 847, 64 LRA 932, 100 ASR 188); Restatement of the Law of Torts, 840, § 310. The plaintiff alleges that all the defendants conspired together and with each other to manufacture, sell and distribute the product for the express purpose of being poured into drain pipes and drain sewers with *knowledge* of its propensity and tendency to explode when so used. This allegation refers to the Sanfax Corporation as well as the defendants just named.

"A conspiracy is the combining of two or more persons for the purpose of doing something unlawful, oppressive, or immoral, as a means or an end." *Woodruff v. Hughes*, 2 Ga. App. 361 (2) (58 SE 551). Conspiracy may be pleaded in general terms, and the law recognizes the intrinsic difficulty of proving a conspiracy. *Cook v. Robinson*, 216 Ga. 328 (116 SE2d 742); *National Bank of Savannah v. Evans*, 149 Ga. 67 (99 SE 123); *Bishop v. Peoples Loan &c. Corp.*, 101 Ga. App. 53 (113 SE2d 161). The defendants cite the case of *Oxford Chemical Corp. v. Detrex Chemical Industries*, 217 Ga. 126 (121 SE2d 130), as authority that the allegations of conspiracy in the amended petition are both insignificant and insufficient. That case involved a ruling on demurrers, and the Supreme Court merely held that the petition did not sufficiently allege that any defendant "aided and abetted" or "conspired with, or acted in concert with, or acted jointly with, or acted with the knowledge, consent or direction of" the others, so as to authorize an injunction against them jointly. Furthermore, the rule that on general demurrer the plaintiff's petition will be construed most strongly against him has no application in a motion for summary judg-

ment for the reason that in the latter situation all doubts are resolved against the movant.

The affidavit in support of summary judgment in no way refutes the intentional tort alleged against Nat Sandler, Dave Center, Oxford Chemical Corporation, and Center Chemical Corporation. Nor does the affidavit refute the alleged conspiracy to commit this unlawful act between these defendants and the Sanfax Corporation. Therefore, there remains a genuine issue of fact as to the intentional tort alleged against Nat Sandler, Dave Center, Oxford Chemical Corporation, and Center Chemical Corporation. There also remains a genuine issue of fact as to the alleged conspiracy to commit this unlawful act between Nat Sandler, Dave Center, Oxford Chemical Corporation, Center Chemical Corporation, and Sanfax Corporation.

The court below erred in granting the motions for summary judgments of the defendants.

*Judgments reversed. Felton, C. J., and Bell, J., concur.*