## 39825. PLANTERS RURAL TELEPHONE COOPERATIVE, INC. v. CHANCE.

DECIDED JULY 2, 1963.

*W. Colbert Hawkins*, for plaintiff in error.

*Harold W. Hollingsworth*, contra.

HALL, Judge. 1. The judgment of this court in *Planters Rural Tel. Co-op. v. Chance*, 107 Ga. App. 116, supra, having been reversed by the Supreme Court of Georgia in *Chance v. Planters Rural Tel. Co-op.*, 219 Ga. 1 (131 SE2d 541), the judgment of this court is vacated, and the judgment of the Supreme Court is made the judgment of this court.

2. It is the law of this case that the petition, as amended, sets forth a cause of action. *Planters Rural Tel. Co-op. v. Chance*, 105 Ga. App. 270, supra. The question here on summary judgment is whether or not there is a genuine issue as to any material fact alleged in the petition. In support of his motion for summary judgment, the plaintiff submitted his affidavit stating that "of my own knowledge, and being in position to know the truth thereof, I hereby state that each and every allegation set forth in plaintiff's petition and in amendment to plaintiff's petition is true."

"Where the affidavit is used, as in this case, it must be made upon personal knowledge, setting forth facts which would be

admissible in evidence, and show affirmatively that the affiant is competent to testify as to the matters stated. *Code Ann.* § 110-1205." *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442). While the affidavit is no place for ultimate facts and conclusions of law, if it contains relevant material facts, although these are intermingled with conclusions of law, the court may disregard the conclusions of law and consider the rest of the affidavit. William J. Kelly Co. v. Reconstruction Finance Corp., 172 F2d 865 (1st Cir.). The policy of *Code Ann.* § 110-1205 is to allow the affidavit to contain all evidentiary matter, which, if the affiant were in court and testifying on the witness stand, would be admissible under the rules of evidence as part of his testimony. American Security Co. v. Hamilton Glass Co., 254 F2d 889, 893 (7th Cir.).

The defendant contends in its brief that the testimony of the plaintiff regarding a resolution of the board of directors of the defendant corporation cannot be considered on motion for summary judgment because of "the best evidence rule," *Code* § 38-203. The fallacy of this contention is that secondary evidence, while not the best evidence, and while inadmissible on proper objection unless it be shown that the primary evidence is unavailable, will nevertheless support a verdict where it is admitted without objection. *Morgan v. Bell,* 189 Ga. 432, 439 (5 SE2d 897); *Cummings v. State of Ga.,* 84 Ga. App. 698 (1) (67 SE2d 156). In order for this court to consider an objection to the plaintiff's affidavit based on the "best evidence" rule, the objection should have been raised in the trial court prior to the ruling on the motion for summary judgment. *Burns v. Great A. & P. Tea Co.,* 105 Ga. App. 823 (1) (125 SE2d 687).

The defendant filed an affidavit in opposition to the motion for summary judgment sworn to by the manager of the defendant corporation which stated: "Deponent says that the answer heretofore filed in the above named and stated case is true and correct and that every item therein set out by way of denial or by way of affirmative plea is true, *to the best of his knowledge and belief and those facts set out therein of which he does not have personal knowledge, he believes them to be true. . ."* (Emphasis supplied). An affidavit based upon "the best of his

knowledge and belief" is nothing more than the affiant's opinion given without any demonstrated basis of knowledge. Robbins v. Gould, 278 F2d 116, 118 (5th Cir.). Furthermore, the opposing affidavit affirmatively states that there are facts alleged in the defensive pleadings of which the affiant has no personal knowledge without delineating which of the alleged facts were not within his personal knowledge. The defendant did not refute the undisputed facts set out in the plaintiff's affidavit nor did he call upon the exercise of the trial court's discretion under *Code Ann.* § 110-1206 to refuse the application or order a continuance for discovery or "make such other order as is just." *Holland v. Sanfax Corp.,* 106 Ga. App. 1, supra; *McCarty v. National Life &c. Ins. Co.* 107 Ga. App. 178 (129 SE2d 408); *Darby v. Interstate Life &c. Ins. Co.,* 107 Ga. App. 409, 410 (130 SE2d 360). "The time for a party opposing the motion to present relevant evidence or show satisfactory reasons for the nonproduction is at the time of the hearing on the order to show cause, and if this is not done, it is too late to complain later." *King v. Fryer,* 107 Ga. App. 715 (131 SE2d 203); *Scales v. Peevy,* 103 Ga. App. 42 (2) (118 SE2d 193); *Studstill v. Aetna Cas. &c. Co.,* 101 Ga. App. 766, 768 (115 SE2d 374).

The trial judge did not err in granting the plaintiff's motion for summary judgment.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*