### 43431.   COOPER v. BROCK.

ARGUED FEBRUARY 6, 1968—DECIDED MARCH 8, 1968—
REHEARING DENIED MARCH 28, 1968—CERT.

502

*J. E. Wilson,* for appellant.

*Johnson & Hayes, Herbert Johnson,* for appellee.

QUILLIAN, Judge. ■ Enumerations of error 1, 2, 3 and 4 complain that demurrers to the petition were overruled. The petition as amended alleged in part that the plaintiff was indebted on a promissory note, due on or before March 11, 1963, for a specified amount, interest and attorney's fees. The note and a construction contract between the defendant and one Golden Green were attached to and made a part of the petition. The payment of the note was contingent upon Green's full compliance with the contract. The petition further alleged that Green had fully complied with the contract. The appellant contends that the general demurrer to the petition should have been sustained because: "There is no allegation that the condition was fully complied with on or before the 11th of March, 1963, consequently since payment was dependent upon this condition being fully complied with, it was necessarily dependent upon its being complied with on or before March 11, 1963, and since it is not so alleged, it is then obvious that the condition was not complied with, or that if it was complied with it was not on or before March 11, 1963."

With this contention we cannot agree. The contract which was made a part of the petition provided that the construction must have been completed and possession given on or before March 11, 1962. The allegation that the contract had been fully complied with constituted an averment that this compliance took place on or before March 11, 1962, which was one year prior to the due date of the note. The enumerations of error are without merit.

■ The fifth enumeration of error complains a demurrer was

sustained to the first amendment to the answer. The amendment set forth no defense relevant to the subject matter of the case and was properly stricken.

■ Enumeration of error 6 complains that a motion for summary judgment made by the defendant, now appellant, was overruled. The motion was predicated upon the pleadings, the deposition of Golden Green and the affidavit of the defendant. It is the contention of the appellant that the petition based the plaintiff's right to recover upon Golden Green fully performing the contract to build a certain house for the appellant, and that the deposition and affidavit show Green did not comply with the contract. Cooper's affidavit contained the "bare" conclusion that Green had not complied with the building contract, but it did not specify wherein he failed. "Affidavits containing mere legal conclusions and allegations which would not be admitted into evidence present no issues of fact on a motion for summary judgment." *Benefield v. Malone*, 112 Ga. App. 408 (2) (145 SE2d 732).

■ The plaintiff's attorney, relying upon the agreement with the defendant's attorney and the assent of the judge "to pass the case," did not appear on the day set for the trial. The trial judge inadvertently and by sheer clerical error dismissed the case for want of prosecution. This occurred on June 13, 1967. Upon learning of the mistake, on August 8, 1967, the trial judge vacated the entry and reinstated the case. This judgment was entered at the August term, 1967. The defendant moved to strike the judgment of August 8, 1967, and to dismiss the case because he assumed the clerical error of June 13, 1967, was a judgment and could not be vacated in a subsequent term.

However, opinions of our appellate courts make clear the common sense principle that sheer clerical errors and inadvertent entries in whatever form they may appear are not judgments and may be corrected and vacated at any time subsequent to their entry. In the case of *Murray v. Derrick*, 101 Ga. 113, 115 (28 SE 616) it is held: "The setting aside of the rule absolute was, under the circumstances, a matter within the discretion of the trial judge. At the suit of the plaintiff he was proceeding by rule, which is a species of summary process, to 'police' the

presiding justice of an inferior judicatory for the non-performance of a ministerial duty, but during the pendency of the action, in order to enable the defendant to proceed with the judicial business of his own court, he gave him leave of absence, thus granting to him temporary absolution from the duty to be present and answer in the superior court. During this temporary absence the case was called, and there being no answer from the defendant, a rule absolute was entered up against him. The attention of the circuit judge having been called to the absence of the defendant, upon leave, at the time of the rendition of the judgment against him, he, upon motion, set aside this judgment. We think this was a wise exercise of the discretion with which he was invested. To have done otherwise would have been to have perpetrated a gross judicial fraud upon the defendant; and we therefore approve the ruling of the trial judge."

A similar pronouncement is contained in the case of *Farmers Mut. Fire Ins. Co. v. Pollock*, 52 Ga. App. 603, 607 (184 SE 383): "But it will be seen that the question here determined with reference to amending the order of September 18, 1933, which was inadvertently entered, and revoking the nugatory order of September 30, 1933, is different from that decided in those decisions which hold, in effect, that a judgment or order entered at one term of court can not be changed or revoked at a subsequent term. The rulings in those cases had reference to the modification of orders or judgments formally entered as they were intended to be, and not to the correction of an erroneously written order so as to make it conform to the truth of an orally pronounced judgment, in a proceeding had for this purpose, with notice to the parties interested."

The motion avers that the plaintiff's counsel did not notify the appellant, then defendant, or his counsel that he intended to reinstate the case, but there were no allegations that appellant's counsel was not apprised and fully aware that the judge intended to vacate the entry of dismissal and reinstate the case before that action was taken. The judgment reinstating the case was valid, proper and just. Enumeration of error 7 is without merit.

■ Enumerations of error 8, 9, 10, 11 and 12 complain that the

evidence was not sufficient to support the verdict and that the judge erred in overruling appellants' motions for nonsuit, directed verdict and for judgment notwithstanding the verdict.

The Appellate Practice Act of 1965 provides that in all cases reported by a court reporter the transcript prepared and signed by the reporter shall include all evidence whether admitted or stricken on objection or otherwise. The certificate of the reporter in the present case certified that an excerpt from the evidence is included in a document to which the certificate is attached. The trial consumed three days and only 13 pages of evidence and colloquy were included in the document and the evidence consisted entirely of disconnected excerpts from the testimony of one witness. Thus, it is apparent that no bona fide effort was made to perfect a transcript of the evidence in compliance with the Appellate Practice Act and that the document to which the reporter's certificate was attached was not a transcript of the evidence. In this situation it is impossible to consider and pass upon the enumerations of error which alleged the evidence did not support the verdict and that the trial judge erred in overruling the defendant's motions for nonsuit, directed verdict and judgment notwithstanding the verdict. *Ponce De Leon Properties, Inc. v. Fulton Cotton Mills,* 116 Ga. App. 205 (156 SE2d 487).

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*