## 46202.  GEORGIA HIGHWAY EXPRESS, INC.
### v. W. D. ALEXANDER COMPANY.

HALL, Presiding Judge. This is an appeal from the grant of a summary judgment for the plaintiff. The affidavit in support of plaintiff's motion was signed by a vice-president of the plaintiff company. The parties stipulate that an objection was made in the trial court as to the form of the affidavit—it failed to state that the affiant had personal knowledge of the material ·facts recited therein.

"Affidavits must be made on personal knowledge. *Code Ann.* § 81A-156 (e). 'This does not mean that the affidavit must contain a statement in those words. "A statement in the jurat to the effect that the affidavit is made upon personal knowledge is generally sufficient" to comply with the Act. . . but the requirement of personal knowledge may be met by other material in evidence, at least when no objection to the form of the affidavit was made in the trial court. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442); Lawson v. American Motorists Ins. Corp., 217 F2d 724, 726 (5th Cir. 1954); Chambers v. United States, 357 F2d 224, 228 (8th Cir. 1966).' *Nevels v. De-troiter Mobile Homes, Inc.,* 120 Ga. App. 60, 62 (169 SE2d 716), cert, den. 120 Ga. App. 886; *Central Chevrolet, Inc. v. Lawhorn,* 120 Ga. App. 650 (2) (171 SE2d 774)." *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178). This is based upon the theory that "technicalities have no place in the summary judgment procedure" and that objections to "formal defects" should be made in the trial court or else they are waived. See 3 Wright's Barron & Holtzoff, Federal Practice & Procedure 170, § 1237.

In view of the fact that the defendant made an objection in the trial court on the ground that the affidavit did not state that it was made on personal knowledge, the trial court erred in the grant of a summary judgment for the plaintiff. .

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*
ARGUED MAY 7, 1971—DECIDED JUNE 25, 1971.

144

*Hansell, Post, Brandon & Dorsey, Terrence Lee Croft,* for appellant.
*Stanley K. Slutzky,* for appellee.