## 46331. AETNA CASUALTY & SURETY COMPANY v. COWAN SUPPLY COMPANY et al.

EVANS, Judge. L. H. Lewis Construction Company was the prime contractor for construction of a boys' dormitory for the Georgia School for the Deaf at Cave Springs, Georgia. It was bonded by Aetna Casualty & Surety Company. The prime contractor sublet a part of the work to Rogers Company, as to both payment and performance.

Cowan Supply Company sold materials on account to the Rogers Company, which were not paid for. Cowan Supply Company then filed suit against Aetna Casualty & Surety Company, and thereafter both the Rogers Company and United Bonding Company were added as defendants.

Plaintiff moved for summary judgment against all defendants, which motion was granted. Aetna Casualty & Surety Company complains here on the sole ground that the lower court failed to recognize a material question of fact for jury determination. Held:

Under the authority of Horne-Wilson, Inc. v. Smith, 109 Ga. App. 676 (1) (137 SE2d 356) the affidavit of plaintiff's credit manager in connection with the invoices attached thereto made a prima facie case for plaintiff in said motion for summary judgment, creating a presumption that the materials described in the invoices were actually used on the job in question. See also Ingalls Iron Works Co. v. Standard Acc. Ins. Co., 107 Ga. App. 454, 459 (130 SE2d 606).

In opposition to the above prima facie case, defendant introduced the affidavit of John T. Russell, vice president and general counsel for one of the defendants, in pertinent part as follows: "Affiant further says on oath that af-

*fiant's company* as surety, has conducted an investigation of said claim sued upon in said case and that the *results of said investigation* disclose that the materials described in plaintiff's complaint did not go into the said work referred to in said contract and was not used in connection with the completion thereof . . ." (Emphasis supplied). The sole contention by defendant is that the above affidavit overcame the prima facie presumption in plaintiff's favor and created a jury issue. In support of that position, defendant cites a number of decisions based upon the general rule that all reasonable deductions and/or favorable inferences from the evidence shall be construed in favor of the party opposing the motion for summary judgment. The language of defendant's affidavit leaves it beyond peradventure that the witness did not have personal knowledge of the investigation and its results, and that he was not competent to testify as to same. He may have known that an investigation was made, but it was not made by affiant, but by affiant's company, and the "results of said investigation" were the accomplishments of other persons, not affiant. If he himself had made the investigation he would have said so, but instead he said his company made it, thereby positively excluding himself. The authority cited by defendant does not suggest that *inadmissible evidence* may be considered on motion for summary judgment.

We are mindful that the Supreme Court of Georgia has held that while *opinion evidence* is not sufficient on which to have a motion for summary judgment granted, it is sufficient to preclude the grant of a motion for summary judgment. See *Harrison v. Tuggle,* 225 Ga. 211, 213 (167 SE2d 395); *Word v. Henderson,* 220 Ga. 846 (142 SE2d 244). But there is a vast difference between *opinion evidence* and *hearsay evidence.* An expert would be allowed to testify as to his opinion, but would not be allowed to testify as to hearsay evidence. See § 56 (e) CPA (*Code Ann.* § 81A-156 (e); Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). In the case sub judice, the witness,

Russell, would not have been allowed at the trial to testify as to the investigation that "his company" made, or as to the results of that investigation. Such testimony would not have been opinion evidence, but hearsay evidence and therefore inadmissible.

*Judgment affirmed. Bell, C. J., and Jordan, P. J., concur. Hall, P. J., Eberhardt and Pannell, JJ., concur specially. Deen and Quillian, JJ., dissent. Whitman, J., not participating.*

SUBMITTED JUNE 29, 1971—DECIDED NOVEMBER 16, 1971— REHEARING DENIED DECEMBER 9, 1971.

*Henning, Chambers & Mabry, E. Speer Mabry,* for appellant.

*Maley & Crowe, Wayne C. Crowe,* for appellees.

HALL, Presiding Judge, concurring specially. "Affidavits must be made on personal knowledge. *Code Ann.* § 81A-156 (e). 'This does not mean that the affidavit must contain a statement in those words. "A statement in the jurat to the effect that the affidavit is made upon personal knowledge is generally sufficient" to comply with the Act . . . but the requirement of personal knowledge may be met by other material in evidence, at least when no objection to the form of the affidavit was made in the trial court. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442); Lawson v. American Motorists Ins. Corp., 217 F2d 724, 726 (5th Cir. 1954); Chambers v. United States, 357 F2d 224, 228 (8th Cir. 1966).' *Nevels v. Detroiter Mobile Homes, Inc.,* 120 Ga. App. 60, 62 (169 SE2d 716), cert. den. 120 Ga. App. 886; *Central Chevrolet, Inc. v. Lawhorn,* 120 Ga. App. 650 (2) (171 SE2d 774)." *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 264 (174 SE2d 178).

The appellee contends that the statement in the affidavit that "affiant's company . . . conducted an investigation . . . and that the results of said investigation disclosed . . .", shows that the material was completely outside his competence and knowledge and positively excludes him. I disagree. On the contrary, companies can act only through

officers, agents or employees. The affiant was an officer. The problem with the affidavit is that it is ambiguous as to whether the investigation was made by the affiant or some other officer, agent or employee of the company. For this reason the contents of the affidavit do not show that the relevant provisions are statements of personal knowledge. *Holland v. Sanfax Corp.*, supra, p. 5.

I am authorized to state that Judges Eberhardt and Pannell concur in this special concurrence.

DEEN, Judge, dissenting. It seems to me that the affidavit in question shows positively that an investigation was made and that the result of such investigation was that the materials were not used on the job. This is within the knowledge of the affiant. The truth of the *contents* of the investigation report is, as to the affiant, either hearsay or a business record. We do not know at this time whether it is the sort of record which would be admissible in evidence on the trial. We should, by applying available inferences against the movant for summary judgment, leave the question open for jury decision. I would reverse.