47290.   FEDERAL INSURANCE COMPANY v. OAKWOOD STEEL COMPANY et al.

ARGUED MAY 25, 1972—DECIDED JUNE 14, 1972.

*Greer, Sartain & Carey, J. Nathan Deal,* for appellant.
*Telford, Stewart & Stephens, J. Douglas Stewart,* for appellees.

CLARK, Judge. We have for determination in a summary judgment proceeding an attack upon a supporting affidavit because it fails to meet the requirement of showing that it was based upon personal knowledge which point was not raised in the trial court. Is this permissible? Our answer is in the negative.

The general rule is that ". . . one is limited in his appeal to grounds of objection which he properly presented to the trial court; he cannot make them for the first time on appeal." *H. W. Ivey Constr. Co. v. Transamerica Ins. Co.,* 119 Ga. App. 794 (2) (168 SE2d 855). Although we find no Georgia case squarely upon this question we have a directional guide in *Georgia Highway Express v. W. D. Alexander Co.,* 124 Ga. App. 143 (183 SE2d 215), where this court passed upon the reverse of our case: the objection as to failure to show personal knowledge there was raised in the trial court. Although reversing the trial court because of the defect, this court said " '[T]echnicalities have no place in the summary judgment procedure' and . . . objections to 'formal defects' should be made in the trial court or else they are waived."

Where this court was called upon to consider an objection first made on appeal that an affidavit should not have been considered because it violated the "best evidence rule," we declined because ". . . the objection should have been raised in the trial court prior to the ruling on the motion for summary judgment. [Citation]." *Planters Rural Tel. Coop. v. Chance,* 108 Ga. App. 146, 147 (132 SE2d 90).

Because our summary judgment procedure as codified in *Code Ann.* § 81A-156 is similar to Section 56 of the Federal Rules of Civil Procedure, including the requirement that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein," it is proper for us to consider the Federal rulings. *Moore v. Atlanta Transit System,* 105 Ga. App. 70 (123 SE2d 693); *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442); *Reynolds v. Reynolds,* 217 Ga. 234 (123 SE2d 115). The Federal courts have required that the defects be pointed out in the trial court in order to be considered on appeal. Auto Drive-Away Co. v. I. C. C. (CA 5 1966) 360 F2d 446; Noblett v. G. E. Credit Corp. (CA 10 1968) 400 F2d 442; United States v. Western Electric Co. (CA 9 1964) 337 F2d 568. These rulings

are in accord with the authoritative Moore on Federal Procedure which states "An affidavit that does not measure up to the standards of 56 (e) is subject to a motion to strike; and formal defects are waived in the absence of such a motion or other objection." 6 Moore's Federal Practice (2d Ed.), Par. 56.22[1], p. 2817.

The wisdom of imposition of this requirement that such alleged defect must be raised in the trial court is illustrated in the case at bar. The trial judge, C. Winfred Smith, was called upon to decide two summary judgment motions, one being made by plaintiff and the other by defendant. In doing so he rendered two separate opinions. In each he divided his opinion into three parts: (1) a statement of facts, (2) citation and discussions, and (3) findings and conclusions. In his six-page scholarly order ruling against appellant from which this appeal is taken, he refers specifically to recitals contained in the affidavit that is now being attacked. Obviously, it would be unfair to the trial jurist for this court to be permitted to consider this appeal without consideration of the same record including this affidavit sub judice which the trial judge recognized as creating a factual issue. Furthermore, to disregard the affidavit now under attack would call upon us to consider the case on a completely different basis from that presented below and this would be contrary to the line of cases cited in *H. W. Ivey Constr. Co. v. Transamerica Ins. Co.*, 119 Ga. App. 794 (2), supra, holding, "He must stand or fall upon the position taken in the trial court."

Not only do the decided cases lead us to this decision but such ruling accords with modern jurisprudence which seeks to eliminate the hidden litigatory pitfall.

As the record considered by the trial court and which is now before this court shows a genuine issue of fact to exist for determination by a jury, the court below is

*Affirmed. Eberhardt, P. J., and Deen, J., concur.*

EBERHARDT, Presiding Judge, concurring. While I concur in the judgment and in the opinion, I do think it well to recall that if there are matters in the affidavit which, on

their face, constitute hearsay, unsupported conclusions, opinions, or if it sets forth facts which would not be admissible in evidence on a trial of the case, these are to be disregarded in determining whether a summary judgment should be granted or denied. They raise no issue, whether a ruling is invoked thereon or not. *Varnadoe v. State Farm Mut. Auto. Ins. Co.*, 112 Ga. App. 366 (1) (145 SE2d 104); *Benefield v. Malone*, 112 Ga. App. 408 (2) (145 SE2d 732); *Bussie v. Wilson*, 114 Ga. App. 298 (3) (151 SE2d 186); *Cooper v. Brock*, 117 Ga. App. 501 (3) (161 SE2d 75); *Chandler v. Gately*, 119 Ga. App. 513 (10) (167 SE2d 697); *Short & Paulk Supply Co. v. Dykes*, 120 Ga. App. 639, 644 (171 SE2d 782); *Hancock v. Hancock*, 223 Ga. 481, 487 (156 SE2d 354); *Eaton Yale & Towne, Inc. v. Strickland*, 228 Ga. 430, 435 (185 SE2d 923); *Harrison v. Tuggle*, 225 Ga. 211 (2) (167 SE2d 395). It may be noted too, that if the affidavit contains facts which would be admissible in evidence, and which are such as are obviously of personal knowledge, failure to so assert in the affidavit will not require disregard of them. *Central Chevrolet, Inc. v. Lawhorn*, 120 Ga. App. 650 (2) (171 SE2d 774), and this is particularly true when no objection as to the form of the affidavit was made in the trial court. *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259, 264 (174 SE2d 178); *Aetna Cas. &c. Co. v. Cowan Supply Co.*, 125 Ga. App. 155, 157 (186 SE2d 556).