## 48723. SEGERSTROM v. AFCO CREDIT CORPORATION.

EVANS, Judge. AFCO Credit Corporation sued W. L. Segerstrom on open account. Defendant answered and denied the material allegations of the complaint..

Plaintiff contends that it had paid insurance premiums to defendant's insurers in accordance with a financing agreement attached to the petition. The agreement attached showed defendant had made a down payment and financed the balance.

Defendant contends that he is not indebted upon the alleged contract because same shows on its face that it had to be accepted in writing by plaintiff before becoming effective, and that it was never accepted.

Defendant moved for summary judgment and submitted his affidavit in support thereof to the effect that he had never received written acceptance of the financing agreement which agreement provided in paragraph 13 that it would not become effective "until accepted in writing by AFCO."

This affidavit fails to carry the burden imposed on a movant for summary judgment. Instead of testifying that plaintiff had not accepted the financing agreement, defendant Segerstrom merely testified in a vague and ambiguous fashion that "this affiant states that he has never received any writing or acceptance from *Avco* Credit Corporation either in this agreement or any other form of writing." (Emphasis supplied.)

Among the deficiencies in this attempted proof are the following: 1. There is no testimony that plaintiff had not accepted the contract in writing; but simply that Segerstrom had not received notice thereof. 2. The affidavit does not name AFCO Credit

Corporation, as the one who failed to notify defendant of acceptance, but "*AVCO* Credit Corporation, which is not the name of plaintiff corporation. It is trite to repeat that the burden is on the movant for summary judgment, and the proof must be so absolute and convincing as to entitle movant to a directed verdict; and all inferences must be construed against movant. *Holland v. Sanfax Corp.*, 106 Ga. App., 1, 5, 6 (126 SE2d 442). Defendant fails to show he is entitled to a summary judgment. *Judgment affirmed. Hall, P. J., and Clark, J., concur.*

SUBMITTED NOVEMBER 6, 1973 — DECIDED DECEMBER 5, 1973.

*Bennett, Saliba & Wisenbaker, Reginald C. Wisenbaker,* for appellant.

*Coleman, Blackburn, Kitchens & Bright, Wilby C. Coleman,* for appellee.