## 50977. McKINNON et al. v. TRIVETT et al.

SUBMITTED SEPTEMBER 8, 1975 — DECIDED OCTOBER 7, 1975.

*Paul S. Weiner,* for appellants.
*Watson, Brown, Foster & Keller, Larry A. Foster,* for appellees.

DEEN, Presiding Judge.

■ Code Ann. § 81A-156 (c) provides that motion for summary judgment shall be served at least 30 days before the time fixed for the hearing. Here the motion was served on or about October 21, 1974; a hearing any time at least 30 days thereafter would satisfy the requirements of the Civil Practice Act. Under Code Ann. § 81A-183 the court may make and amend rules governing its practice not inconsistent with the Civil Practice Act or any other statute. The Superior Court of Clayton County has done so. Its local Rule 11, upon which appellant relies, deals with motions filed pursuant to Code Ann. § 81-112 and is not relevant to motions for summary judgment; a construction of this rule is therefore unnecessary. We are persuaded however that Code Ann. § 81A-178 controls this case. Under that section each court is empowered to establish regular times and places at which motions requiring notice and hearing may be heard and disposed of; and more importantly a judge may make orders for the advancement, conduct and hearing of actions on *such notice, if any, as is reasonable.* Here the motion for summary judgment had been pending for several months, several dates for a hearing had passed without action, appellant had failed to appear at scheduled hearings, appellee's amended motion was merely procedural, appellant had prior notice of the March 10 hearing but the record does not indicate that a continuance was ever requested. Under this set of facts we are compelled to conclude that the trial court's order of March 6, 1975, setting the hearing for March 10, 1975, afforded appellant reasonable notice and such order was not error.

■ Appellant argues that the trial court erred in finding the defense of justification based upon an affidavit submitted by appellee which did not satisfy the requirements of Code Ann. § 81A-156 (e). Whether or not the contested affidavit would be defective need not be decided for "objections to 'formal defects' should be made

in the trial court or else they are waived." *Georgia Hwy. Exp. v. W. D. Alexander Co.,* 124 Ga. App. 143 (183 SE2d 215). Appellant has been found to have had sufficient notice of the hearing and any objections to the affidavits which he could have raised will be deemed to have been waived. This is true when the objection goes to the personal knowledge of the affiant *(Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479 (191 SE2d 298)), or to the "best evidence rule" *(Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146 (132 SE2d 90)).

■ Appellant contends that it was error for the trial court to grant appellee's motion for summary judgment. "It is settled law that defendant, as a movant for summary judgment, must pierce the claim of the plaintiff with respect to at least one essential element of recovery, and thus conclusively demonstrate that in fact and as a matter of law the plaintiff is not entitled to recover." *Lewis v. Tennille Bkg. Co.,* 230 Ga. 529, 531 (198 SE2d 172).

It is necessary to be actionable that the defamatory words have been directed toward another. Code Ann. § 105-702. The affidavits of appellee tended to prove that he had never spoken the name of appellant; the appellant was inconsistent on the point, stating in the interrogatories that the name had not been referred to directly by appellee but in her affidavit asserting the name to have been published. ". . . on motion for summary judgment by a party on whom the burden of proof does not lie on the trial of the case, all the evidence must be construed against the movant and in favor of the party opposing the motion; and it is therefore immaterial that there are inconsistencies in the affidavit and depositions of the party opposing such motion." *State Farm &c. Ins. Co. v. Tucker,* 130 Ga. App. 187, 188 (202 SE2d 551). We will therefore assume for purposes of this appeal that the name of appellant was published by appellee.

Under Code Ann. § 105-709 (1) statements made bona fide in the performance of a public duty are privileged; communications made by a public official with respect to his official duties are privileged. *Pearce v. Brower,* 72 Ga. 243. Here the alleged statement was made by a mayor, at a town meeting and concerned the theft of city funds. It was not error to find this communication was

privileged. *Angles v. Wyatt,* 124 Ga. App. 393 (184 SE2d 43). However, we have held that this privilege may be lost when the official acts wilfully, corruptly, or maliciously. *Partain v. Maddox,* 131 Ga. App. 778 (206 SE2d 618). In light of the great presumption against the movant for summary judgment, for purposes of this appeal we will assume appellee lost his privilege. *First of Georgia Ins. Co. v. Josey,* 129 Ga. App. 14 (198 SE2d 381).

Under Code Ann. § 105-708 the truth of the charge made may always be proved in justification of the defamation. Appellee submitted an afffidavit of the judge of the juvenile court in which it was revealed that appellant was found or pled guilty to the offense of theft by taking of city funds. Any objection to this affidavit was waived by appellant. Appellant was required under Code Ann. § 81A-156 (e) to set forth specific facts showing there was a genuine issue for trial or have summary judgment entered against her. This was not done, appellant relying upon the mere allegations and denials of her pleadings and her own affidavit. Under these facts appellee has "pierced the pleadings" of appellant; where plaintiff relies only on proof of his good character and defendant supports his plea of justification by direct evidence of one witness who testifies as to the truth of the charge, the evidence is not sufficient to support a verdict for plaintiff. *Moore v. Colly,* 34 Ga 375. Appellee having therefore proved his defense of justification there was no genuine issue for trial. It was not error to grant summary judgment to appellee.

*Judgment affirmed. Evans and Stolz, JJ., concur.*