69490. MINGLEDOLPH et al. v. UNIVERSITY EMERGENCY PHYSICIANS, P. C. et al.
(329 SE2d 222)

BENHAM, Judge.

Appellants, a gunshot victim and his wife, filed this medical malpractice suit against appellees, alleging that their negligent treatment of appellant's injury proximately caused permanent partial disability to his left arm and shoulder. Appellees moved for summary judgment and submitted affidavits from the two appellee physicians who treated appellant and from a neurosurgeon. The affidavits stated that appellees had exercised the proper degree of care in treating the injured patient. Appellants submitted as an opposing affidavit a notarized medical evaluation and report prepared by a neurosurgeon. The report stated that it was based on appellant's medical records and on the affiant's practical and academic experience as a neurosurgeon. The affidavit did not state that it was made on the affiant's personal knowledge, nor were the medical records attached as exhibits or otherwise included in the record, although the affiant relied heavily on them in his affidavit. Appellees raised no objection to appellants' affidavit during the proceedings in the trial court. The trial court granted summary judgment to appellees, and appellants bring this appeal, claiming their expert's affidavit created a genuine issue of material fact. We disagree and affirm.

Affidavits supporting and opposing summary judgment motions

"shall be made on personal knowledge [and] shall set forth such facts as would be admissible in the evidence . . . Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith . . ." OCGA § 9-11-56 (e). The personal knowledge requirement "does not mean that the affidavit must contain a statement in those words." *Ga. Hwy. Express v. W. D. Alexander Co.*, 124 Ga. App. 143 (183 SE2d 215) (1971). When no objection to the form of the affidavit is made, the requirement may be met by other material in evidence. Id. Since appellees made no such objection, the trial court was free to consider whether the requirement was otherwise met in determining the sufficiency of the affidavit. Our review of the record reveals no such supporting material.

As for the requirement that the facts be admissible, "[t]o the extent that the affidavit of [appellants' expert] . . . 'is based on the medical records, it lacks probative value in that the affidavit neither attaches medical records which are part of the record in this case nor does it "clearly identify the record matter upon which it is based." ' *Hayes v. Murray*, 252 Ga. 529, 530 (314 SE2d 885) [1984]." *Childs v. Christmas*, 171 Ga. App. 756 (2) (320 SE2d 629) (1984). Our review of the affidavit reveals that the portions of it that could be said to raise a genuine issue of material fact and thus preclude the trial court's grant of appellees' summary judgment motion were based on the missing records. Since the affidavit does not set forth admissible facts, it must be disregarded. *Oglesby v. Farmers Mut. Exchange*, 128 Ga. App. 387 (6) (196 SE2d 674) (1973). An affidavit that presents only contentions and conclusions without reference to any factual basis for them is deficient in substance rather than form, and failure to object at trial does not waive such a deficiency. *Parlato v. MARTA*, 165 Ga. App. 758 (1) (302 SE2d 613) (1983). Under those circumstances, the trial court did not err in granting appellees' motion.

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 6, 1985 —
REHEARING DENIED MARCH 21, 1985.

*Victor C. Hawk*, for appellants.
*Gould B. Hagler, J. Arthur Davison, Randall F. Rogers*, for appellees.