Paul G. SPINKS and Mary E. Spinks,
Plaintiffs-Appellees,

v.

J. L. JONES, Sr. and J. L. Jones, Jr.
d/b/a J. L. Jones Construction Com-
pany, et al., Defendants,

v.

UNITED STATES of America,
Intervenor-Appellant.

No. 74-1373

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1974.

Edward J. Vulevich, Jr., Asst. U. S. Atty., Mobile, Ala., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Chief, Daniel F. Ross, Jonathan S. Cohen, Attys., Tax Div. Dept. of Justice, Washington, D. C., for intervenor-appellant.

L. Y. Sadler, Jr., Camden, Ala., for other interested parties.

Alvin T. Prestwood, Montgomery, Ala., for plaintiffs-appellees.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

The sole question on this appeal is the propriety of the District Court's award of attorney's fees to the stakeholders of an interpleaded fund partially impressed with federal tax liens. The award reduced the Government's recovery *pro tanto*. We vacate and remand.

J. L. Jones Construction Company recovered a judgment against Paul and Mary Spinks in an Alabama court. Faced with conflicting claims against the moneys represented by the state judgment, including federal tax liens,

---

* Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

**340**

the Spinkses brought an interpleader action. The District Court determined the priority of each claim and ordered distribution of the fund: first, $3,700 to the Construction Company's attorney, employed on a contingent retainer, for his services in creating the fund; second, $500 to the Spinkses as reasonable attorney's fees for bringing the interpleader action; third, $2,070.74 in full payment to Marshall Lumber & Mill Company on its mechanic's lien; and fourth, the balance of the $11,100 fund to the United States in partial satisfaction of its tax liens. The Government appealed the $500 reduction in the amount otherwise available to it caused by the award of attorney's fees to the Spinkses.

 The stakeholder of an interpleaded fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien. Commercial Standard Insurance Co. v. Campbell, 254 F.2d 432, 433 (5th Cir. 1958); see United States v. R. F. Ball Construction Co., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958); United States v. Hubbell, 323 F.2d 197 (5th Cir. 1963); United States v. State National Bank, 421 F.2d 519 (2d Cir. 1970); United States v. Wilson, 333 F.2d 147 (3d Cir. 1964). See generally J. Moore, Federal Practice ¶ 22.16 [2], at 3159–3162 (1974); C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1719, at 488–489 (1972). The Spinkses stress that here, unlike the above cases, the Government does not have the paramount claim. This distinction finds no support in the decided cases. The judicial prerogative to award stakeholders their attorney's fees must give way to the supremacy of the federal tax lien law whenever an award would invade the amount subject to tax lien. United States v. Chapman, 281 F.2d 862, 870 (10th Cir. 1960). In this case, the District Court's fee award "off the top" invaded the tax lien by reducing the amount which would therein be recoverable by the Government. The portion of an interpleaded fund that is subject to a Government tax lien cannot be reduced by an award of attorney's fees to the stakeholder for bringing the interpleader action.

We therefore vacate the judgment insofar as it decreases the sum otherwise available to the United States for satisfaction of its tax lien by the $500 attorney's fees to the Spinkses and remand this cause to the District Court for further consideration in the light of this opinion.

Vacated and remanded.