**CABLE ATLANTA, INC., Petitioner,**

**v.**

**PROJECT, INC.; T.P.I.C.S., Inc.; Ernest Dixon, d/b/a TPI Construction Supplies; and United States of America, Claimants.**

**Civ. A. No. C82–2775A.**

United States District Court, N.D. Georgia, Atlanta Division.

Sept. 30, 1983.

John D. Colombo, Long, Aldridge, Heiner & Stevens, Atlanta, Ga., for petitioner.

Michael C. Ford, Ford & Ford, Atlanta, Ga., for claimant.

Jere W. Morehead, Asst. U.S. Atty., Atlanta, Ga., Victoria J. Sherlock, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

FORRESTER, District Judge.

This interpleader action is before the court on motions for summary judgment by petitioner Cable Atlanta, Inc. (Cable Atlanta), and claimant United States of America (United States). Cable Atlanta filed this interpleader action on November 4, 1982, in the Superior Court of Fulton County in order to resolve conflicting claims to a fund of $26,610.33. The action was removed to this court pursuant to a petition for removal by the United States. Shortly thereafter, Cable Atlanta filed a motion for summary judgment seeking an order that: (1) The claimants be required to interplead their claims to the fund in question; (2) Cable Atlanta be dismissed from the action; (3) claimants permanently be enjoined from prosecuting any other proceeding against Cable Atlanta relating to the fund; and (4) Cable Atlanta be awarded costs and reasonable attorneys' fees. The court, in an order filed on May 5, 1983, issued an order reflecting the agreement of the parties that no opposition existed to Cable Atlanta's first three requests for relief. The court also ordered that Cable Atlanta's motion for summary judgment be resubmitted solely on the issue of recovery by Cable Atlanta of its costs and reasonable attorneys' fees.

In its response to Cable Atlanta's original motion for summary judgment, the United States opposed an award of costs and attorneys' fees against Cable Atlanta on two grounds: (i) That an award of costs and attorneys' fees prior to a resolution of the conflicting claims to the fund would be premature; and (ii) that if the claims of the United States were to prevail, any award of costs and fees would diminish the amount of recovery by the United States under a prior federal tax lien. The first ground now has been eliminated. On May 18, 1983, claimants The Project, Inc., Ernest Dixon, d/b/a TPI Construction Supplies, and T.P.I. C.S., Inc., abandoned all claims to the fund at issue. Therefore, presently at issue is whether Cable Atlanta is entitled to an award of costs and attorneys' fees.[1]

---

1. In its original motion for summary judgment, Cable Atlanta requested costs and attorneys' fees in the amount of $1,988.50. In its reply brief, Cable Atlanta requested an additional $1,090.50 to reflect the time spent on the preparation and filing of the motion for summary judgment and reply brief. Thus, the total amount requested is $3,079.00.

The undisputed material facts are as follows. The Project, Inc., was incorporated on or about August 4, 1972, and the annual report dated February 2, 1982, filed with the Secretary of State of Georgia lists Ernest Dixon as President of The Project, Inc. T.P.I.C.S., Inc., was incorporated on or about August 26, 1982. The articles of incorporation for T.P.I.C.S., Inc., list as the original board of directors Diane Ford and Ernest Dixon.

During the period up to and including August 26, 1982, Cable Atlanta purchased construction supplies from an entity denominated as "TPI Construction Supplies" and became indebted to this entity in the amount of $26,610.33. On or about August 26, 1982, the United States Internal Revenue Service served a notice of levy upon Cable Atlanta for taxes allegedly due the IRS from The Project, Inc. The IRS maintained that the principal of TPI Construction Supplies was The Project, Inc., and that the $26,610.33 owed by Cable Atlanta for construction supplies should be paid to the IRS in partial satisfaction of the taxes owed the IRS by The Project, Inc. Upon inquiry by Cable Atlanta, it was determined that The Project, Inc. had ceased doing business, and that the debt owed by Cable Atlanta for the purchase of construction supplies was not owed to The Project, Inc., but was owed either to Ernest Dixon, d/b/a TPI Construction Supplies, or T.P.I.C.S., Inc. Cable Atlanta was informed further that payment of the $26,610.33 to the IRS could result in liability of Cable Atlanta to either Ernest Dixon or T.P.I.C.S., Inc. Cable Atlanta informed the IRS of this information, but the IRS responded that payment of the sum to any entity other than the IRS could result in liability of Cable Atlanta to the IRS for the tax lien amount. Cable Atlanta has admitted, and does admit, that it is indebted to some entity in the amount of $26,610.33. On November 4, 1982, Cable Atlanta filed this interpleader action. On May 19, 1983, claimants The Project, Inc., Ernest Dixon, d/b/a TPI Construction Supplies, and T.P.I.C.S., Inc., filed a document entitled "Abandonment of Claims to Monies Paid Into Court." The

document states that these claimants each abandon all claim or interest to the interpled fund and expressly assert to the United States receiving such sum "by virtue of the levy it made in connection with such sum." The United States asserts that the amount currently due, including the amount representing the assessed FICA and withholding taxes, penalties, and interest for the quarters ending March 31, 1979, December 31, 1981, and March 31, 1982, is $34,229.91. Cable Atlanta requests that it be awarded attorneys' fees either from the fund itself or from the claimants, the amount requested being $3,079.00.

■ It is well settled that the stakeholder of an interpleaded fund is not entitled to attorneys' fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien. *Spinks v. Jones,* 499 F.2d 339, 340 (5th Cir.1974). *Accord Campagna-Turano Bakery, Inc. v. United States,* 632 F.2d 39, 41 n. 3 (7th Cir.1980). *See generally* 7 C. Wright & A. Miller, Federal Practice & Procedure § 1719, at 488–89 (1972); 3A J. Moore & J. Lucas, Moore's Federal Practice, ¶ 22.16[2], at 22–183—22–186 (2d Ed. 1982).

■ Although Cable Atlanta is not entitled to an award of attorneys' fees and costs incurred in bringing this interpleader action insofar as its derivation would be from the interpleaded fund, the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, authorizes attorneys' fees and costs against the United States under certain circumstances. First, a court may assess fees and expenses against the government to the same extent that a private party would be liable for the same pursuant to common law or under the terms of any statute. *Id.,* § 2412(b). Second,

[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the Unit-

ed States was substantially justified or that special circumstances make an award unjust.

*Id.* § 2412(d)(1)(A). "Fees and other expenses" include reasonable attorneys' fees. *Id.,* § 2412(d)(2)(A). Under the common law and governing statutes, "the prevailing principle in interpleader actions brought in federal court ... is that it is within the discretion of the court to award the disinterested stakeholder costs including reasonable attorneys' fees ...." 3A Moore's Federal Practice, ¶ 22.16[2] at 22–166. It appears to be especially appropriate in the instant case inasmuch as Cable Atlanta's "retention of counsel has in all likelihood been necessitated not because of the stakeholder's wrongdoing but rather because he is the mutual target in a dispute which is not of his own making." *Id.* at 22–170. Georgia courts follow the same principle:

> If the person bringing the [interpleader] action has to make or incur any expenses in so doing, including attorney's fees, the amount so incurred shall be taxed in the bill of costs, under the approval of the court, the court in its discretion determining the amount of the attorney's fees, and shall be paid by the parties cast in the action as other costs are paid.

O.C.G.A. 23–3–90. Therefore, the court concludes that Cable Atlanta is entitled to attorneys' fees and costs insofar as they are assessed directly against the claimant United States. *See J.A. Jones Construction Co. v. Southern Stress Wire Corp.,* Civil Action No. C80–1526A, (N.D.Ga. Sept. 30, 1982) (Freeman, J.) (in concluding that such an award is proper against the United States, the court cites to the legislative history of the EAJA).

In determining the amount of attorneys' fees, this court is guided by the decision of the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), which outlines twelve factors in considering a quantification of reasonable attorneys' fees. Petitioner Cable Atlanta has presented affidavits of Michael H. Pope, partner at the law firm of Long & Aldridge, and Philip A. Bradley and John D.

Colombo, both associates at Long & Aldridge. Representation of Cable Atlanta was undertaken on a fee basis, whereby Cable Atlanta was billed $75 per hour for the time Mr. Bradley spent on the case and $60 per hour for the time Mr. Colombo spent on the case. Mr. Bradley has been lead counsel in this case and presents the following biographical information. He is a graduate of St. Andrews College, B.A. with honors, 1975, and Antioch School of Law, J.D. 1978. He was a law clerk to The Honorable William B. Bryant, United States District Court for the District of Columbia in 1977. He has been a member of the Georgia Bar since 1978 and has represented clients in litigation matters in both federal and state trial and appellate courts for approximately five years. Mr. Colombo, co-counsel for Cable Atlanta, provides the following biographical information. He is a graduate of the University of Illinois, B.A. summa cum laude, 1978; Phi Beta Kappa, Phi Kappa Phi; J.D., summa cum laude, 1981; Order of the Coif. He was a law clerk to The Honorable Phyllis A. Kravitch, United States Circuit Judge, Eleventh Circuit Court of Appeals, from 1981 to 1982. He has been a member of the Georgia Bar since 1982. In exhibits appended to affidavits of Messrs. Bradley and Colombo, a description of services with the attendant time is provided. The United States does not object to the amount requested.

■ The court finds the amount reasonable. First, given the legal research and the factual gathering involved in this case and the apparent good faith of Cable Atlanta's attorneys in these proceedings, the court finds the amount of hours claimed by both Mr. Bradley and Mr. Colombo as reasonable. Second, the court finds the hourly rate charged by both attorneys as reasonable. Additionally, the attorneys seek reimbursement for $103 for costs incurred, these representing the cost of filing the action in Fulton County Superior Court. This appears to be reasonable.

Accordingly, the petitioner's request for attorneys' fees and costs in the amount of $3,079 is GRANTED. Upon the undisputed

facts, both petitioner Cable Atlanta and claimant United States' summary judgment motions are GRANTED IN PART and DENIED IN PART.