**CHEVRON U.S.A., INC.,**
**Plaintiff-Appellee,**

v.

**MAY OILFIELD SERVICES, INC., a Nevada corporation; Michael Vercimak d/b/a Bridger Valley Leasing; Michael Kelly, District Director of the Internal Revenue Service, Department of Treasury, Defendants,**

**United States of America,**
**Defendant-Appellant.**

No. 82–1867.

United States Court of Appeals, Tenth Circuit.

Jan. 20, 1984.

Farley B. Katz, Atty., U.S. Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup and Richard W. Perkins, Attys., U.S. Dept. of Justice, Washington, D.C., and Richard A. Stacy, U.S. Atty., Cheyenne, Wyo., with him on the brief), for defendant-appellant U.S.A.

Before SETH, HOLLOWAY and McKAY, Circuit Judges.

PER CURIAM.

Chevron U.S.A. instituted this interpleader action under 28 U.S.C. § 1335 naming as defendants May Oilfield Services, Inc., Michael Vercimak, the district director of the Internal Revenue Service, and the United States. Chevron had an account payable to May in the amount of $125,079.04, and alleged that conflicting claims had been made to that sum by the defendants. Chevron claimed to be a disinterested stakeholder having no claim to the money, and tendered that sum to the court. Chevron requested the court to enter an order discharging it from liability to the defendants and requested an award of attorney's fees and costs.

Mr. Vercimak had sued May and asserted a claim to a portion of the money on the basis of a writ of garnishment filed September 4, 1980. On November 13, 1980, Mr. Vercimak obtained a judgment on the claim.

The United States asserted a claim to the fund on the basis of unpaid withholding tax, FICA tax, FUTA tax, penalties, and interest. The Government's claim was asserted and a demand for payment made against May on September 8, 1980. A tax lien was filed on September 12, 1980. The Government's claims exceeded the amount interpled.

The trial court granted the Government's motion for summary judgment finding that the federal tax lien had priority over Mr. Vercimak's claim. Mr. Vercimak's appeal of that ruling has been dismissed for failure to prosecute (No. 82–1905, dismissed, August 11, 1982). The trial court accordingly awarded the Government the interpled funds plus accumulated interest, but subtracted $3,031.93 which it awarded to Chevron as attorney's fees and costs. As mentioned, the Government's lien exceeded the total amount of the funds. The United States appeals the award of attorney's fees and costs made to Chevron.

The Government contends that sections 6321 and 6322 of the Internal Revenue Code proscribe the award of the attorney's fees and costs to Chevron. We agree. Those sections provide that no claim can compete with a federal tax lien on a "first in time/first in right" basis until the claim becomes certain in amount. *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 83 S.Ct. 1963, 10 L.Ed.2d 770; *United States v. Chapman*, 281 F.2d 862 (10th Cir.). Chevron's suit was brought well after the tax lien had been perfected. Chevron's claim was inchoate and uncertain in amount at the time the tax lien was filed. The trial court erred in awarding attorney's fees and costs to Chevron before the tax lien had been satisfied in full. The fact that interest may have accrued does not change the result.

We note that the Equal Access to Justice Act, 28 U.S.C. § 2412, does not provide an independent basis for an award to Chevron. While the Act provides that attorney's fees may be granted to a prevailing party, such an award can only be made where not expressly prohibited by statute. Here, sections 6321 and 6322 of the Code serve as such a bar.

It is therefore the judgment of this court that the award of attorney's fees and costs made to Chevron is hereby reversed.

IT IS SO ORDERED.