CABLE ATLANTA, INC.,
Plaintiff-Appellee,

v.

PROJECT, INC., TPICS, Inc., Ernest
Dixon d/b/a TPI Construction
Supplies, Defendants,

United States of America,
Defendant-Appellant.

No. 83-8848.

United States Court of Appeals,
Eleventh Circuit.

Dec. 26, 1984.

Sharon D. Stokes, Asst. U.S. Atty., Atlanta, Ga., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Farley P. Katz, William S. Estabrook, Elaine Ferris, Tax. Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

Phillip A. Bradley, Atlanta, Ga., for plaintiff-appellee.

Before RONEY and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

RONEY, Circuit Judge:

Normally a stakeholder who brings an interpleader action to determine which of two claimants is entitled to a fund which it holds, but does not claim, is entitled to have attorneys fees it incurs in bringing the action paid out of the fund. No such fees can be paid from the fund, however, when it goes to satisfy a federal tax lien. The question in this case is whether, in such event, the stakeholder is entitled to an award of fees against the Government under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(b). In a case of first impression in this Circuit, we hold that such fees cannot be assessed against the Government, and reverse the attorney fee award made in this case.

Cable Atlanta, Inc. owed money to Project, Inc. when the United States Internal Revenue Service served a Notice of Levy for that exact amount to pay taxes owed by Project. Cable Atlanta filed an interpleader action. Making no claim to

the fund, Cable Atlanta moved for summary judgment to relieve it of further liability and for attorney's fees. All claimants to the fund abandoned their claims and consented to the payment of the fund to the United States. The United States made no claim against Cable Atlanta, only claiming the fund, but resisted the award against it of attorney's fees.

The district court awarded attorney's fees against the Government, reasoning that although an award could not be made out of the interpled fund, a direct award could be made under the Equal Access to Justice Act, 28 U.S.C.A. § 2412(b). 572 F.Supp. 1113.

 Under the American Rule a prevailing litigant ordinarily may not recover attorney's fees from the losing party. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). All parties concede and the law is clear that the so-called common fund exception to this American Rule does not apply when the fund goes to pay a United States tax lien. Decided in 1974, the Court in *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir.1974), citing a string of authorities, said that:

[t]he stakeholder of an interpleaded fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien.

The rationale of this decision is that the provisions of the Internal Revenue Code which establish the lien, 26 U.S.C.A. §§ 6321, 6322, prohibit an award of attorney's fees when the effect of such award would diminish the amount recovered by the United States under its prior tax lien. The theory is that the federal tax lien attached prior to the commencement of the interpleader action and thus had priority over any inchoate and uncertain claim for attorney's fees accruing in that action. *See, e.g., United States v. Equitable Life*, 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966); *United States v. Ball Construction Co.*, 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510 (1958) (summary reversal of an award of attorney's fees to an interpleader where a federal tax lien had previously attached to the fund); *United States v. Liverpool & London Insurance Co.*, 348 U.S. 215, 217, 75 S.Ct. 247, 248, 99 L.Ed. 268 (1955); *Katsaris v. United States*, 684 F.2d 758, 763 (11th Cir.1982); *Campagna-Turano Bakery, Inc. v. United States*, 632 F.2d 39 (7th Cir.1980).

The only question is whether the Equal Access to Justice Act, passed in 1980, changes this settled law. That statute provides as follows:

Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States.... The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C.A. § 2412(b).

Two circuits have held that this statute does not form an independent base upon which to award attorney's fees and therefore does not change the settled law on the matter. In *Chevron U.S.A., Inc. v. May Oilfield Services, Inc.*, 739 F.2d 498, 499 (10th Cir.1984), the Tenth Circuit reversed an attorney's fee award on the ground that sections 6321 and 6322 of the Internal Revenue Code proscribed the awarding of attorney's fees and costs where the fund was insufficient to satisfy the Government's tax lien. The Court then said:

We note that the Equal Access to Justice Act, 28 U.S.C. § 2412, does not provide an independent basis for an award to Chevron. While the Act provides that attorney's fees may be granted to a prevailing party, such an award can only be made where not expressly prohibited by statute. Here, sections 6321 and 6322 of the Code serve as such a bar.

739 F.2d at 499.

In *Millers Mutual Ins. Assn. of Ill. v. Wassall*, 738 F.2d 302 at 304 (8th Cir.1984),

the Eighth Circuit likewise held that the new statute did not change the law.

> Even if the EAJA, 28 U.S.C. § 2412(a) and (b), arguably creates a discretionary *claim* for costs and attorney fees by [the stakeholder], as against a defense of sovereign immunity, nothing in the Act gives the stakeholder a *priority* to the fund superior to that of the United States, based on its prior federal tax liens. Here, the claim of the United States to the fund is based upon the statutory authority of 26 U.S.C. §§ 6321, 6322. In the cases cited *supra* the courts denied an award of attorney fees and costs on the basis of this statutory authority, and not upon a general claim of sovereign immunity.... There is nothing in the statute or the legislative history of the EAJA to indicate that Congress intended to override the priority of the United States to interpleaded funds under prior federal tax liens.

738 F.2d at 304 (footnote omitted).

 We follow the holdings in these circuits for the reason set forth in those opinions. A review of the statute and its legislative history clearly show no congressional purpose to provide an independent base for an award of attorney's fees and costs where the interpled fund is not sufficient to cover the government's tax liens which arose prior to the interpleader action.

The argument that Georgia law, O.C.G.A. § 23-3-90,[1] provides support for the attorney's fees award fails, if for no other reason, because no Georgia case has construed that statute to justify an attorney's fee directly against the prevailing claimant to an interpled fund. *See Eaton Yale & Towne, Inc. v. Strickland,* 228 Ga. 430, 185 S.E.2d 923 (1971); *Helmken v. Meyer,* 118 Ga. 657, 45 S.E. 450 (1903); *but see Blaylock v. Georgia Mutual Ins. Co.,* 239 Ga.

462, 238 S.E.2d 105 (1977) (parties agreed to order allowing interpleader and attorney's fees and costs). In this case the United States was a prevailing party on its claim against the fund, and on the claim that the liened funds should have been paid by Cable Atlanta to it.

REVERSED.

---

**1.** O.C.G.A. § 23-3-90 states:

(a) Whenever a person is possessed of property or funds or owes a debt or duty, to which more than one person lays claim of such a character, as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead.

(b) If the person bringing the action has to make or incur any expenses in so doing, including attorney's fees, the amount so incurred shall be taxed in the bill of costs, under the approval of the court, the court in its discretion determining the amount of the attorney's fees, and shall be paid by the parties cast in the action as other costs are paid.