818 F.2d 861
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
JONATHAN MELNICK AUCTIONEERS, INC., Appellee,
v.
SAUDER WOODWORKS, INC.; Elaine Sauder; Falconer Glass
South Works; Brady Plywood Corporation; Chromalloy Glass
Division; C & P Telephone Company of Maryland; Internal
Revenue Service; Commercial Wiping Cloth, Corporation;
Comptroller of Treasury; Frederick News Post; The
Gaithersburg Gazette, Inc.; Greer's Amoco Service Center;
Hobbywoods and Industrial Finishes, Ltd; Lee Jofa; The
National Chemical and Plastics Company; Paychex; Potomac
Electric and Power Company; Rapidforms, Inc.; Rex Lumber
Company; The Washington Post Company; North Penn Transfer,
Inc.; United Disposal Corporation; Washington Gas; Wall
Products Company; Simplex Time Recorder Company; Sunrise
Moulding & Frame Corp.; State Saw and Machinery Company;
Reico Distributors; Taylor Security & Lock Company, Inc.;
Thompson & Cooke, Inc.; U.S. Electrical Supply Company;
Lenmar, Inc.; Lafferty & Company, Inc.; Tsi Leitz; Robert
McNamara, CPA; The Mason and Dixon Lines, Inc.;: Mohawk;
The Mann and Parker Lumber Company; New England Business
Service; Muth Brothers Builders; Clozermatic Engineering
Co.; State of Maryland Employment Security Administration;
Maryland National Bank; Austin Hardwoods; Murray &
Heister, Incorporated; Irwin Landau, Esq.; Montgomery
County Director of Finance; All persons, firms and
corporations asserting claims against Elaine Sauder and
Sauder Woodworks, Inc., Defendants.
United States of America, Appellant.
 No. 86-2527.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 19, 1987.
Decided April 24, 1987.
 
 Before ERVIN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Roger M. Olsen, Michael L. Paup, David English Carmack, Michael J. Roach, Office of the United States Department of Justice, on frief), for appellant.
 Brian A. Goldman, Lawrence M. Garten, for appellees.
 PER CURIAM:
 
 
 1
 This is an appeal by the United States from a district court judgment awarding $1,982.32 in attorney's fees to plaintiff-appellee Jonathan Melnick Auctioneers, Inc. ("Melnick") and awarding the remainder of the interpled funds to the United States pursuant to its motion for summary judgment. We reverse the award of attorney's fees to Melnick and otherwise affirm the judgment of the district court.
 
 
 2
 Melnick received $20,978.40 in net proceeds from an auction sale of personal property of Sauder Woodworks, Inc. Melnick was served with notices of levy by the Internal Revenue Service based upon claims for unpaid taxes purportedly owed by Sauder Woodworks. Melnick deposited the proceeds of the sale in the registry of a Maryland state court and initiated a state interpleader action. The United States removed the action to federal district court.
 
 
 3
 The United States moved for summary judgment on the grounds that its claim for unpaid taxes had priority over all other parties pursuant to 26 U.S.C. Secs. 6321-23. The Government's evidence showed that notices of federal tax liens had been filed in the amount of $11,117.38 on May 17, 1983, and $68,307.99 on February 28, 1984. Melnick had filed its state interpleader action after the auction sale on March 8, 1984, and the action had been removed to federal district court on May 9, 1984. The claims of the United States exceeded the amount interpled.
 
 
 4
 Melnick opposed the motion of the United States for summary judgment in part. Melnick conceded that the United States appeared to be entitled to priority over other claimants with respect to the proceeds of auction sale. Melnick contended, however, that it was entitled to reimbursement for its legal expenses for bringing the interpleader action. The district court awarded the United States the interpled funds plus accumulated interest, but subtracted $1,982.32 which it awarded to Melnick as attorney's fees and expenses. The United States appeals the award of attorney's fees made to Melnick.
 
 
 5
 The United States contends that the provisions of the Internal Revenue Code which established the lien, 26 U.S.C. Secs. 6321 and 6322, proscribe the award of attorney's fees and expenses to Melnick. We agree. Those sections provide that no claim can compete with a federal tax lien on a "first in time/first in right" basis until the claim becomes certain in amount. United States v. Pioneer American Insurance Co., 374 U.S. 84 (1963); Campaqna-Turano Bakery, Inc. v. United States, 632 F.2d 39 (7th Cir. 1980). Melnick's suit was brought well after the tax liens had been perfected. Thus, Melnick's claim was inchoate and uncertain in amount at the time the tax lien was filed. The district court erred in awarding attorney's fees and expenses to Melnick before the tax lien had been satisfied in full.
 
 
 6
 Although Melnick did not raise such claims below, we note that courts of appeal have consistently rejected attempts by interpleading plaintiffs to recover attorney's fees under such fee-shifting statutes as the Equal Access to Justice Act, 28 U.S.C. Sec. 2412. See Cable Atlanta, Inc. v. Project, Inc., 749 F.2d 626, 627-28 (11th Cir. 1984); Abex Corp. v. Ski's Enterprises, 748 F.2d 513, 517 (9th Cir. 1984); Chevron U.S.A. v. May Oilfield Services, 739 F.2d 498, 499 (10th Cir. 1984).
 
 
 7
 It is therefore the judgment of this Court that the award of attorney's fees and expenses made to Melnick is reversed. The judgment of the district court is otherwise affirmed. Because the facts and legal arguments have been adequately presented and oral argument would not significantly aid the decisional process, we dispense with oral argument.
 
 
 8
 REVERSED IN PART; AFFIRMED IN PART.