**CENTRAL BANK OF TAMPA,**
**a State Chartered Banking**
**Institution, Plaintiff,**

v.

**UNITED STATES of America; America Cruising Yacht Corporation; Ted Irwin; Irwin Yacht and Marine Corporation; Kirk Whalen; John Swisher, Defendants.**

No. 92–1389–CIV–T–17.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 16, 1993.

Order Amending Prior Order of
Nov. 16, 1993,
Nov. 17, 1993.

Paul Gerard McDuffee, II, Law Offices of Paul G. McDuffee, II, Tampa, FL, for plaintiff.

Michael A. Cauley, U.S. Attorney's Office, M.D. Fla., Tampa, FL, David N. Geier, U.S. Justice Dept., Tax Div., Washington, DC, for USA.

Dennis Jay Levine, Cramer, Haber, McDonald & LeVine, P.A., Tampa, FL, for American Cruising Yacht Corp.

John Edwin Swisher, Dillinger & Swisher, P.A., St. Petersburg, FL, for Ted Irwin, Irwin Yacht & Marine.

Robert Casassa, Langford, Hill, Mitchell, Trybus & Whalen, P.A., Tampa, FL, for Kirk Whalen, John Swisher.

## ORDER ON PLAINTIFF'S MOTION REQUESTING ORDER OF INTERPLEADER AND DETERMINATION OF ATTORNEY'S FEES AND COSTS

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's motion requesting order of interpleader and determination of attorney's fees and costs, and the response thereto filed by Defendant United States of America.

### FACTS:

As the present action is premised on a very complex set of occurrences, the Court will address only those facts which are relevant to the disposition of the pending matter. On September 24, 1992 an interpleader action was instituted in the Circuit Civil Court of the Thirteenth Judicial Circuit of the State of Florida. The action was brought on behalf of Plaintiff, Central Bank of Tampa, in an attempt to avoid potential multiple liability regarding funds in the amount of $50,-933.35 sought to be interpleaded. Following the filing of various responsive pleadings, Defendant United States removed the action to Federal Court.

Prior to the initiation of the action now before the Court, Defendants Ted Irwin and Irwin Yacht and Marine Corporation pursued an action in state court against America Cruising Yacht Corporation. During the pendency of the request for interpleader, Defendants Ted Irwin and Irwin Yacht and Marine Corporation obtained a Final Judgment in the state court proceedings. The state court's holding was directed toward the same funds that are the subject of the present interpleader action. As a result of the judgment of the state court and the previous claims to the funds asserted by Defendant United States, Plaintiff requested this Court to enter a temporary restraining order and preliminary injunction. The Court granted the Plaintiff's request for a temporary restraining order and ordered the Plaintiff to pay the disputed funds into the registry of the Court. At this time the funds have not been directed as requested by the Court.

In the matter now before the Court, Plaintiff requests the Court to take the following action:

I. Accept payment of the disputed funds into the registry of the court,

II. Require all defendants to file responsive claims within 20 days of the Court's order on this matter,

III. Reserve jurisdiction to award fees and costs to Plaintiff upon the final determination of the claims,

IV. Dismiss Plaintiff from the action and permanently enjoin all Defendants from instituting, prosecuting or maintaining any action against Plaintiff in this matter.

## DISCUSSION:

The Court will address Plaintiff's requests in the order in which they were presented. Initially, the Court will examine the Plaintiff's request for the Court's acceptance of the disputed funds into the registry of the Court.

■ I. The present interpleader action was brought under Rule 22, of the Federal Rules of Civil Procedure, and accordingly, a deposit into the registry of the court is not required. *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir.1976). However, on November 12, 1992, this Court ordered the deposit of the disputed funds into the registry of the Court. At the present time, the Plaintiff has not deposited the funds as ordered by this Court. Nonetheless, the Court is willing to accept the funds into the registry, and has been ready to do so since the date that the order requiring the deposit was filed.

II. Plaintiff also requests the Court to require all Defendants to file responsive pleadings within 20 days of this order. The Court notes, however, that all of the named Defendants herein have filed answers to the Plaintiff's Complaint in Interpleader.

■ In an action for interpleader, an answer filed by a defendant may be considered as that defendant's statement of claim to the interpleaded funds. *Bell v. Nutmeg Airways Corporation*, 66 F.R.D. 1, 3 (D.Conn.1975), *see also Old Colony Insurance Company v. Lampert*, 129 F.Supp. 545, 550 (D.N.J.1955). From the face of the documents, the Court is uncertain whether Defendants intended their Answers to the Complaint in Interpleader to serve as their statements of claim to the interpleaded funds. If both of the Defendants intended for their Answers to serve as such, then the Court will accept those documents as each Defendant's claim to the interpleaded funds. If Defendants wish to further state their claims to the funds, the Court directs that those claims be filed within twenty days of this order.

■ III. The Court must deny Plaintiff's request for the Court to reserve jurisdiction to award of fees and costs to Plaintiff on the basis that fees and costs are not appropriate under the circumstances of this case. Clearly an award of costs and attorneys' fees to the disinterested stakeholder in an interpleader action is within the discretion of the trial judge. *Gulf Oil Corporation v. Olivier*, 412 F.2d 938, 946 (5th Cir.1969). However, in the present action, a claim is presented to the funds in dispute by the United States Government pursuant to a federal tax lien under 26 U.S.C. §§ 6321 and 6322. The law is well settled that the stakeholder of the funds in an interpleader action is not entitled to attorneys' fees, if those fees would be payable out of the fund that is subject to a federal tax lien. *Cable Atlanta, Inc. v. Project, Inc.*, 749 F.2d 626, 627 (11th Cir.1984), *citing Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir.1974). This policy is based on the provisions within 26 U.S.C. §§ 6321, 6322 which prohibit an award of attorneys' fees if that award would diminish the funds which may be recovered by the United States to satisfy a prior tax lien. The federal tax lien, under the present circumstances, has priority over the stakeholders claim to attorneys' fees payable from the interpleaded funds since the tax lien attached to the disputed funds prior to the initiation of the interpleader action. *Cable Atlanta, Inc.*, 749 F.2d at 627. A federal tax lien that has been properly attached to certain funds takes priority over an inchoate or uncertain claim for attorneys' fees that may accrue in a subsequent interpleader action involving the same funds. *Id.*

■ This Court also notes that the Equal Access to Justice Act, 28 U.S.C. § 2412(b), does not provide an independent basis for an award of attorneys' fees. *Id., see also Chevron U.S.A., Inc. v. May Oilfield Services, Inc.*, 739 F.2d 498, 499 (10th Cir.1984) (Equal Access to Justice Act does not provide an independent basis for an award of attorneys' fees); *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 514 (9th Cir.1984) (In an interpleader action, the Equal Access to Justice

Act does not authorize an award of attorneys' fees out of the interpleader fund before satisfaction of pre-existing federal tax liens); *Millers Mutual Ins. Assn. of Ill. v. Wassall,* 738 F.2d 302 (8th Cir.1984) (Even if the Equal Access to Justice Act arguably creates discretionary claim for costs and attorneys' fees, the Act does not give the stakeholder priority to the interpleaded funds over a federal tax lien held by the United States).

 IV. Plaintiff has requested the Court to enter an order dismissing Plaintiff from this action and enjoin all Defendants, their agents, and attorneys from bringing or maintaining further action against Plaintiff in connection with this matter. The law normally regards the plaintiff in an interpleader action as having been discharged of full responsibility regarding the interpleaded funds when the funds have been paid into the registry of the court and the parties have had notice and opportunity to be heard. *Francis du Pont & Co. v. Sheen,* 324 F.2d 3, 4 (3rd Cir.1963). Additionally, although not generally necessary, courts may enter an order relieving the interpleader plaintiff of further responsibility and enjoin the interpleaded defendant from bringing further action against that plaintiff with regard to the disputed funds. *Holcomb v. Aetna Life Ins. Co.,* 228 F.2d 75 (10th Cir.1955). Defendants in the present action have had notice and opportunity to be heard concerning any claims they may have against Plaintiff. Therefore, this Court has no reason to deny the dismissal of Plaintiff from this action, after the disputed funds are deposited into the registry of the court. Accordingly, it is

ORDERED that Plaintiff's Motion requesting acceptance of the interpleaded funds into the registry of the court is granted; Plaintiff's request that all Defendants be required to state their claims to the funds within twenty days is granted; Plaintiff's request for an award of attorneys' fees and costs is denied; and the Court orders the dismissal of Plaintiff from this action and enjoins Defendants from further action against Plaintiff in connection with this matter, upon the deposit of the disputed funds in accordance with this order.

DONE and ORDERED.

*ORDER AMENDING PRIOR ORDER OF NOVEMBER 16, 1993*

This cause is before the Court *sua sponte* The Court has been advised by counsel of a factual error in its Order of November 16, 1993 (Dkt. 29).

The Court previously stated that Plaintiff Central Bank had not yet paid into the Court's Registry the interpleaded sum of $50,933.35. In fact this amount was paid into the Registry on November 18, 1992, as evidenced by the copy of the receipt for the funds which is in the Court file at Docket 23. In preparing its prior Order, the Court searched for but mistakenly did not find the receipt. The Court regrets any inconvenience caused by this error.

Since the funds have been paid into the Registry, the Court releases Plaintiff as a party in this case. Accordingly, it is

ORDERED that the Court's prior Order is AMENDED to show that the subject funds were paid into the Registry on November 18, 1992. Plaintiff is DISMISSED from this action.

DONE and ORDERED.