**Robert F. FRAPPIER, Acting as Substitute Trustee, Plaintiff,**

v.

**TEXAS COMMERCE BANK, N.A., and Internal Revenue Service, Defendants.**

**Civ. A. No. H–94–2405.**

United States District Court, S.D. Texas, Houston Division.

March 22, 1995.

---

Michael W. Schneider, Barrett Burke Wilson Castle & Frappier, Dallas, TX, for Robert Frappier.

Christopher M. Cammack, Maureen Anne Wharton, Texas Commerce Bank Nat'l Ass'n, Houston, TX, for Texas Commerce Bank, N.A.

Gregory S. Garland, Dept. of Justice, Tax Div., Dallas, TX, for the U.S.

*MEMORANDUM AND ORDER GRANTING THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT, DENYING TEXAS COMMERCE BANK'S MOTION FOR SUMMARY JUDGMENT, AND DENYING ROBERT FRAPPIER'S MOTION FOR SUMMARY JUDGMENT*

STACY, United States Magistrate Judge.

Before the Magistrate is the United States' Motion for Summary Judgment (Document No. 12), Robert Frappier's Motion for Summary Judgment (Document No. 16), and Texas Commerce Bank's Motion for Summary Judgment (Document No. 17). On December 13, 1994, the parties consented to trial before United States Magistrate Judge Frances H. Stacy. Upon such consent, the District Judge referred the case for all proceedings to the Magistrate Judge.

After reviewing the motions, the submissions of the parties and the applicable law, the Magistrate ORDERS, for the reasons set forth below, that the United States' Motion for Summary Judgment (Document No. 12) is GRANTED, Robert Frappier's Motion for Summary Judgment (Document No. 16) is DENIED, and Texas Commerce Bank's Motion for Summary Judgment (Document No. 17) is DENIED.

## I. Background

This case involves the parties' respective entitlement to excess proceeds following a foreclosure sale. On October 5, 1993, Plaintiff Robert F. Frappier ("Frappier"), acting as trustee, conducted a foreclosure sale of real property owned by Arthur and Frances Allen and located at 3909 De Leon Street, Houston, Texas 77087. The property was bought at foreclosure for $15,000. This was $6,361.67 more than the amount which remained due and owing on the Allens' mortgage held by Mellon Mortgage Company. It is this $6,361.67, which is at issue in this case.

On June 17, 1994, Frappier instituted an interpleader action in County Court at Law No. 4 in Harris County, Texas. Frappier named the United States, a tax lienholder, and Texas Commerce Bank ("TCB"), a judgment lienholder, as defendants. Both the United States and TCB claim entitlement to the $6,361.67 in excess proceeds. Additionally, Frappier seeks reimbursement for attorneys fees and expenses associated with bringing this interpleader action. On July 15, 1994, the United States removed the case to this Court, claiming jurisdiction under 28 U.S.C. §§ 1331, 2410.

As the $6,361.67 in excess proceeds is not sufficient to satisfy all the claims, the priority of the liens at issue in this case must be determined. Additionally, it must be determined whether Frappier is entitled to recover his attorneys fees and expenses.

## II. The Liens

On November 11, 1986, a judgment was entered against the Allens and in favor of TCB in the amount of $2,475.44, plus 10% annual interest on that amount until paid. TCB recorded this judgment as an "abstract of judgment" in the deed records of Harris County, Texas on December 22, 1986. As of July 31, 1994, the Allens owed TCB $5,009.44, representing the $2,475.44 judgment, plus accrued interest.

On January 9, 1989, the United States Internal Revenue Service assessed additional income taxes against Arthur and Frances Allen in the amount of $10,112.21 for the taxable years of 1985, 1986, and 1987. A

notice of a federal tax lien in this amount was filed in the deed records of Harris County, Texas on July 27, 1989.

### III. Priority of Liens

█ TCB argues that its lien should take priority over the United States' and it should receive its share of the $6,361.67 in excess proceeds first because it recorded its lien first. The United States, on the other hand, argues that TCB's lien did not attach to the Allen's real property, which was the subject of the foreclosure, and which generated the excess proceeds that are at issue in this case. The United States refers the Court to Texas law which specifically disallows liens, other than purchase money liens, tax liens, mechanic's and materialmen's liens, from attaching to real property that is used as a homestead. According to the United States, because the Allen's property at 3909 De Leon Street, Houston, Texas 77087 was the Allens' homestead and because TCB's lien was not a purchase money, tax, or mechanic's and materialmen's lien, TCB's recording of its lien was ineffective. Only when the property was sold and the Allens lost their homestead interest did TCB's lien become effective against any excess proceeds realized from the sale of the property. Because TCB's lien became effective after the Internal Revenue Service filed its notice of federal tax lien, the United States contends that its lien has priority.

█ The Texas Constitution contains the prohibition on liens against homestead property, which are not purchase money or mechanic's and materialmen's liens:

The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, or a part of such purchase money, the taxes due thereon, or for work or material used in constructing improvements thereon.... No mortgage, trust deed, or other lien on the homestead shall

ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the owner alone, or together with his or her spouse, in case the owner is married.

TEX.CONST. Art. 16 § 50. This provision has been interpreted as applying to judgment liens like the one at issue in this case:

It is beyond argument that in Texas general creditors who have reduced their debts to judgment do not thereby obtain a judgment lien against property claimed, occupied and used by their debtor as a homestead.

*Englander Co. v. Kennedy,* 424 S.W.2d 305, 308 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.); *See also Hoffman v. Love,* 494 S.W.2d 591, 593–4 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.) ("[A] judgment, though duly abstracted, never fixes a lien on the homestead so long as it remains homestead"). While a judgment lien does not attach to property which is used as a homestead, once the property ceases to be used as homestead, the judgment lien attaches to any proceeds from the sale of the homestead. *Id.* Such attachment, however, does not become effective until six months after the sale of the homestead property. *See* TEX.PROPERTY CODE § 41.001(c) ("The homestead claimant's proceeds of a sale of a homestead are not subject to seizure for a creditor's claim for six months after the date of sale").

█ In contrast, a federal tax lien is enforceable against property which is being used as a homestead. 26 U.S.C. § 6321;[1] *Paddock v. Siemoneit,* 147 Tex. 571, 218 S.W.2d 428, 436 (1949) (Federal tax liens extend to Texas homesteads); *United States v. Rogers,* 461 U.S. 677, 691–693, 697, 103 S.Ct. 2132, 2141–42, 2144, 76 L.Ed.2d 236 (1982). Such a lien becomes enforceable

---

1. 26 U.S.C. § 6321 provides:

   If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

from the moment the notice of the lien is properly filed. 26 U.S.C. § 6323.[2]

In the instant case, TCB's judgment lien was obtained in 1986, while the Allen's property was a homestead.[3] In applying Texas law, it is evident that TCB's judgment lien was ineffective from December 22, 1986 through October 5, 1993, the date of the foreclosure sale, and six months thereafter, until April 5, 1994. Given the unenforceable nature of TCB's judgment lien for that period of time, and the enforceable nature of the IRS tax lien, the United States' lien must be given priority over TCB's lien. *See United States v. McDermott*, —— U.S. ——, 113 S.Ct. 1526, 123 L.Ed.2d 128 (1993) (A federal tax lien takes precedence over an earlier filed, unperfected and unenforceable state law lien).

## IV. Frappier's claim to attorney's fees and expenses

■ The second issue presented by this case is whether Plaintiff Frappier is entitled to recover attorney's fees and expenses associated with this interpleader action. Frappier claims he is entitled to recover $1,500 from the excess proceeds as attorney's fees and expenses. The United States, on the other hand, claims Frappier is not entitled to attorney's fees and expenses because its federal tax lien exhausts the excess proceeds. The United States relies on *Spinks v. Jones*, 499 F.2d 339 (5th Cir.1974), for its argument that Frappier cannot recover his attorney's fees and expenses.

While Frappier tries to distinguish *Spinks* and argues that equity principles compel an award of attorneys fees, neither of these arguments is supported by case law. In *Spinks*, the Fifth Circuit Court of Appeals unequivocally stated:

2. 26 U.S.C. § 6323 provides:
Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors.— The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

3. The United States has provided the Court with copies of the homestead exemption forms filed in Harris County, Texas by Arthur and Frances

The stakeholder of an interpleader fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien.... The portion of an interpleaded fund that is subject to a Government tax lien cannot be reduced by an award of attorney's fees to the stakeholder for bringing the interpleader action.

*Spinks*, 499 F.2d at 340. Despite Frappier's arguments that *Spinks* is distinguishable from the instant case because the party in interpleader in *Spinks* was the tax debtor, there is no language in *Spinks* that would limit its application in the way Frappier requests. Moreover, as the holding in *Spinks* regarding attorney's fees has been followed in other jurisdictions in cases involving interpleader parties who were not tax debtors,[4] the Magistrate does not doubt the breadth of *Spinks* and the applicability of its holding to the facts of this case. Finally, because Frappier has come forth with no case law to contradict *Spinks* and no case law to support his argument that equity principles compel an award of attorney's fees, the principle in *Spinks* must be applied, and Frappier cannot recover attorney's fees and expenses because the total amount of the interpleaded funds is exhausted by the United States' tax lien.

## V. Conclusion

Based on the foregoing and the Court's determination that the United States' lien is entitled to priority and Frappier is not entitled to attorney's fees, it is

ORDERED that the United States' Motion for Summary Judgment (Document No. 12) is GRANTED. The United States shall recover the excess proceeds from the foreclosure sale of the property located at 3909

Allen, wherein they claimed the property at 3909 De Leon Street, Houston, Texas 77087 as their homestead from 1984 to 1993.

4. *See Cable Atlanta, Inc. v. Project, Inc.*, 749 F.2d 626, 627 (11th Cir.1984); *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d 513, 516 (9th Cir. 1984); *Chevron U.S.A. v. May Oilfield Services, Inc.*, 739 F.2d 498 (10th Cir.1984); *Millers Mutual Insurance Association of Illinois v. Wassall*, 738 F.2d 302, 303 (8th Cir.1984).

De Leon Street, Houston, Texas 77087, $6,361.67 plus any accrued interest to date, in satisfaction of the United States' tax lien. It is further

ORDERED that Robert Frappier's Motion for Summary Judgment (Document No. 16) and Texas Commerce Bank's Motion for Summary Judgment (Document No. 17) are both DENIED. Neither Texas Commerce Bank nor Robert Frappier are entitled to any amount from the interpleaded funds. It is further

ORDERED that the parties to this suit shall, within ten days of their receipt of this Memorandum and Order, submit a proposed final judgment, which provides for the disbursement of the interpleaded funds.