IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20409

Summary Calendar

_____

ROBERT F. FRAPPIER, Acting as
Substitute Trustee,

Plaintiff-Appellant,

versus

TEXAS COMMERCE BANK N.A.; UNITED
STATES OF AMERICA,

Defendants-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-94-H-2405)

_____

November 20, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Frappier appeals the denial of his claim for attorneys'
fees and court costs from an interpleaded fund. We affirm.

Frappier, as substitute trustee for Mellon Mortgage Company,
managed a foreclosure sale of the property of Arthur and Frances
Allen that yielded $6,361.67 in excess proceeds after retiring the

_____

[*]Local Rule 47.5 provides: "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession." Pursuant to that Rule, the Court has determined
that this opinion should not be published.

debt to Mellon. At that time, the United States had a $10,112.21 federal tax lien against the Allens, and Texas Commerce Bank had a judgment lien against them for $2,475.44 plus interest. Frappier brought this interpleader suit in state court to resolve these competing liens, seeking attorneys' fees and courts costs from the interpleaded fund. The United States removed to federal district court, and the parties thereafter consented to have the case heard by a magistrate judge. On cross-motions for summary judgment, the magistrate judge awarded the entire fund to the United States, concluding that its federal tax lien primed both Texas Commerce's judgment lien and Frappier's claim for attorneys' fees and costs.

Frappier argues that the magistrate judge erroneously relied on Spinks v. Jones, 499 F.2d 339 (5th Cir. 1974), in denying his request for attorneys' fees and costs. In Spinks, we held that "[t]he stakeholder of an interpleaded fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien." 499 F.2d at 340. Although Frappier concedes that Spinks means that fees and costs cannot be awarded to a taxpayer/debtor from an interpleaded fund, he claims that the case is inapplicable to his situation since he brought this interpleader suit as a foreclosure trustee.

We are not persuaded by Frappier's effort to distinguish this case from Spinks. Notwithstanding his unfairness claims, Spinks establishes a simple, controlling rule that respects the United States' superior lien under I.R.C. §§ 6321-6323. We agree with the court below that Spinks bars Frappier's claim for fees and costs.

2

AFFIRMED.