**FIDELITY & GUARANTY LIFE
INSURANCE COMPANY**

v.

**John H. FREEMAN, et al.**

**Fidelity & Guaranty Life
Insurance Company**

v.

**Kathy J. Shannon, et al.**

**Civil Nos. Y–98–1382, Y–98–1383.**

United States District Court,
D. Maryland.

April 12, 2000.

Stephen H. Kaufman, Baltimore, MD, for Fidelity and Guar. Life Ins. Co.

H. Mark Stichel, Baltimore, MD, for U.S. Fidelity and Guar. Co.

Price O. Gielen, Baltimore, MD, and Paul McDonald, Cape Elizabeth, ME, for J.G. Wentworth, S.S.C., Ltd. Partnership.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

### I.

These consolidated cases are before the Court on a Motion to reconsider or vacate the Court's January 7, 2000, Order dismissing the cases without prejudice. Both cases are interpleader actions initiated by Fidelity and Guaranty Life Insurance Co. ["F & G Life"] to resolve the distribution of certain annuity funds. After the Court dismissed the cases for failure to serve process on two claimants, F & G Life filed a motion asking the Court to reconsider or vacate the dismissal. The United States Fidelity and Guaranty Company ["USF & G"] filed a supporting memorandum. The current Plaintiff, J.G. Wentworth, S.S.C., L.P. ["Wentworth"], does not oppose reopening the case to allow additional time to serve process on the claimants, but it argues that additional attempts at personal service would be futile.

### II.

For reasons that are unrelated, USF & G became obligated to pay Kathy J. Shannon a guaranteed monthly payment of $630 from November 1, 1996, to July 1, 2001, and John H. Freeman a monthly payment of $400 from 1984 until his death. To meet these obligation, USF & G purchased two annuities from F & G Life. The annuities are owned by USF & G and allegedly do not allow Shannon or Freeman, respectively, to assign the payments to another party.

In 1997, however, Shannon and Freeman each assigned the annuity payments to Wentworth in return for cash. Wentworth received consent judgments against both Shannon and Freeman, filed garnishment actions against F & G Life in the Court of Common Pleas of Philadelphia County, Pennsylvania, and subsequently attempted to transfer the judgments to Maryland.

The Court ordered interpleader in both cases on May 19, 1998. Summons were issued to Shannon and Freeman on April 30, 1998, and reissued on August 19, 1998. The Court granted F & G Life's Motion to Permit Alternative Service to Shannon via the U.S. Marshals on September 17, 1998, and to Freeman via the U.S. Marshals on January 8, 1999, and by private process in March 1999. Process was never served and the Court dismissed both cases without prejudice by an Order dated January 7, 2000.

F & G Life and USF & G argue that the Court should either extend the time to serve process on Freeman and Shannon, or appoint guardians *ad litem* to protect their interests. They contend that if the Court does not reinstate these cases, the annuity funds will be in "permanent limbo" and F & G Life will be left with uncertainty as to whom it should pay. Wentworth does not oppose the Motion insofar as it seeks to reopen the case and permit alternate service on Freeman and Shannon. Wentworth, however, opposes additional attempts at personal service, which it

claims would be futile. Instead, Wentworth recommends that the Court enter an order pursuant to 28 U.S.C. § 1655 requiring that Freeman and Shannon appear and plead by a date certain. Wentworth also opposes the appointment of guardians *ad litem.*

### III.

■■■ The federal interpleader statute, 28 U.S.C. § 1335, allows the filing party to remove itself from a dispute over funds owed to two or more claimants when the filing party has no interest in the outcome, other than knowing to whom payment should be made. Once the Court determines that the filing party is disinterested and that the Court has jurisdiction, the Court may issue an order discharging that party. *See Central Bank of Tampa v. United States,* 838 F.Supp. 564 (M.D.Fla. 1993). Statutory interpleader is designed, in part, to eliminate future uncertainty and the risk of having to make two payments on the same claim. *See, e.g., Royal School Laboratories, Inc. v. Town of Watertown,* 358 F.2d 813 (2d Cir.1966). In this case, F & G Life filed these statutory interpleader actions to determine who among the claimants is entitled to the proceeds of monthly annuity payments. The Court discharged F & G Life due to its disinterested role, but dismissed the cases after the parties failed to serve process on Freeman and Shannon.

■■■ The Court recognizes, however, that allowing the dismissal to stand would be contrary to the purposes of the interpleader statute because it would not distribute the annuity funds at issue. The Court will therefore vacate the January 7, 2000 Order.

■■■ Reinstating these cases, however, will not result in the distribution of the annuity funds absent notice to Freeman and Shannon. In other words, final disposition of the disputed funds cannot occur without serving process on these parties. Numerous efforts to notify Freeman and Shannon in person have been unsuccessful, and the Court is convinced that further efforts to serve process in person would be futile.

The Court will, therefore, order F & G Life to serve process on Freeman and Shannon pursuant to the federal *in rem* statute, 28 U.S.C. § 1655, which provides:

In an action in a district court to enforce any lien upon or claim to, or to remove any encumbrance or lien or cloud upon the title to ... personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

Such order shall be served on the absent defendant personally if practicable.... Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall ... affect only the property which is the subject of the action.

28 U.S.C. § 1655. Various federal courts have held that where an interpleader action satisfies the requirements of 28 U.S.C. § 1655, constructive service pursuant to that section will give the court jurisdiction over defendants not amenable to personal service. *See, e.g., United States v. Estate of Swan,* 441 F.2d 1082, 1085 (5th Cir. 1971) (citing cases); *Bache Halsey Stuart Shields, Inc. v. Garmaise,* 519 F.Supp. 682, 686 (S.D.N.Y.1981). This Court agrees and finds that further attempts at personal service would be futile in this case; therefore, service by publication is appropriate. This approach will allow F & G Life to obtain the benefit of the interpleader statute in spite of failed efforts to locate Freeman and Shannon. *See* 7 Wright, et. al, Federal Practice & Procedure § 1711 (1986).

F & G Life argues that 28 U.S.C. § 1655 requires the Court to appoint a guardian *ad litem* to represent Freeman's and Shannon's interests, *see Estate of Swan,* 441 F.2d at 1085, but the Court disagrees. Certainly, nothing in § 1655 requires appointment of a guardian *ad litem,* and though it may be appropriate in some cases, the Court finds no need for such appointment here. Should Freeman and Shannon wish to contest the Court's judgment once these interpleader actions are complete, they have one year after the judgment to enter their appearance, during which time the Court may set aside the judgment in the interpleader action. *See* 28 U.S.C. § 1655.

IV.

Based on the foregoing analysis, the Court will grant F & G Life's Motion to Vacate the January 7, 2000, Order. The Court will also order that notice be given to Freeman and Shannon pursuant to 28 U.S.C. § 1655.