ABN AMRO v. Miller, et al.           CV-04-163-SM  10/12/04
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


ABN AMRO Mortgage Group, Inc.,
Successor by Merger to Atlantic
Mortgage and Investment Corp.,
     Plaintiff

     v.                                  Civil No. 04-163-SM
                                         Opinion No. 2004 DNH 146
Robert J. Miller; Elizabeth A. Miller;
The Bank of New York as Co-Trustee
under the Pooling and Servicing Agreement
dated August 31, 1997, Series 1997-CIV;
New Hampshire Federal Credit Union; and
The United States of America,
     Defendants


                         **O R D E R**


     Plaintiff in this interpleader action, ABN AMRO Mortgage

Group, moves to withdraw from this proceeding and seeks an award

of costs and reasonable attorney's fees for legal work related to

bringing this action.  The United States, holder of a federal tax

lien, objects to the extent that any award of fees and costs

might diminish the amount of its distribution.  The Bank of New

York also objects, asserting that a portion of the costs

plaintiff seeks to recover is not reasonable.

Plaintiff's motion to withdraw and for attorney's fees and costs (document no. 12) is granted in part and denied in part. It is granted to the extent plaintiff moves to withdraw from the case. To the extent plaintiff seeks an award of attorney's fees and costs, however, the motion is denied without prejudice to refiling, once a determination has been made regarding the priorities of the various interests in this action. At that point, plaintiff may be entitled to an award of fees and costs, provided such an award does not reduce any distribution to the United States to satisfy its federal tax lien. See, e.g., Spinks v. Jones, 499 F.2d 339, 340 (5th Cir. 1974) ("The stakeholder of an interpleaded fund is not entitled to attorney's fees to the extent that they are payable out of a part of the fund impressed with a federal tax lien. . . . The judicial prerogative to award stakeholders their attorney's fees must give way to the supremacy of the federal tax lien law whenever an award would invade the amount subject to tax lien.") (citations omitted). See also Cable Atlanta, Inc. v. Project, Inc., 749 F.2d 626, 626-27 (11th Cir. 1984) ("Normally a stakeholder who brings an interpleader action to determine which of two claimants is entitled to a fund which it holds, but does not claim, is entitled to have

attorney[']s fees it incurs in bringing the action paid out of the fund.  No such fees can be paid from the fund, however, when it goes to satisfy a federal tax lien. . . . The theory is that the federal tax lien attached prior to the commencement of the interpleader action and thus had priority over any inchoate and uncertain claim for attorney's fees accruing in that action.") (citations omitted).[1]

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 12, 2004

cc:  Jonathan M. Flagg, Esq.
     Wendy J. Kisch, Esq.
     Victor Manougian, Esq.
     Veronica C. Viveiros, Esq.

---

[1]     Counsel for plaintiff does not assert that he is entitled to the benefit of 26 U.S.C. § 6323(b)(8), which provides, in pertinent part, that the United States' tax lien is not superior to an attorney's lien, under local law, for reasonable compensation for obtaining a judgment or settlement. Here, it appears that counsel has been compensated for efforts devoted to obtaining the funds deposited with the court.  At this point, then, counsel seeks only compensation for work associated with filing this action.

3